1  Carolyn Hunt Cottrell (SBN 166977)
2  Nicole N. Coon (SBN 286283)
   SCHNEIDER WALLACE
3  COTTRELL KONECKY
   WOTKYNS LLP
4  2000 Powell Street, Suite 1400
   Emeryville, California 94608
5  Telephone: (415) 421-7100
   Facsimile: (415) 421-7105
6  ccottrell@schneiderwallace.com
   ncoon@schneiderwallace.com
7
   Attorneys for Plaintiffs, the Collective and
8  Putative Class

9  *Additional Counsel on the following page*

10            **UNITED STATES DISTRICT COURT**
11           **NORTHERN DISTRICT OF CALIFORNIA**

12
   DESIDERO SOTO and STEVEN              Case No.:
13 STRICKLEN, on behalf of themselves and all
   others similarly situated,             **COLLECTIVE AND CLASS ACTION**
14
                Plaintiffs,               **COMPLAINT FOR VIOLATIONS OF:**
15                                            **(1) FAIR LABOR STANDARDS ACT**
           vs.                                **(2) CALIFORNIA LABOR CODE;**
16                                            **(3) CALIFORNIA BUSINESS AND**
   O.C. COMMUNICATIONS, INC.;                     **PROFESSIONS CODE; and**
17                                            **(4) CALIFORNIA PRIVATE**
                Defendant.                         **ATTORNEYS GENERAL ACT**
18
19                                         **DEMAND FOR A JURY TRIAL**
20
21
22
23
24
25
26
27
28

Shanon J. Carson (*pro hac vice* to be submitted)
Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
Alexandra K. Piazza (*pro hac vice* to be submitted)
Camille Fundora (*pro hac vice* to be submitted)
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, Pennsylvania 19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604


Attorneys for Plaintiffs, the Collective
and Putative Class

Plaintiffs, Desidero ("Desi") Soto ("Plaintiff Soto") and Steven Stricklen ("Plaintiff Stricklen"), on behalf of themselves and all others similarly situated, by and through their attorneys, brings this lawsuit against Defendant O.C. Communications, Inc. ( "OCC") "Defendant"), seeking to recover for Defendant's violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), applicable California Labor Code provisions, applicable Industrial Welfare Commission ("IWC") Wage Orders, and the Unfair Business Practices Act, California Business and Professions Code § 17200, *et seq.* ("UCL"). Plaintiffs, on behalf of themselves and all others similarly situated, complain and allege as follows:

## **INTRODUCTION**

1.      This is a collective and class action complaint against OCC to challenge its policies and practices of: denying proper payment of all wages (including overtime, reimbursement, and improper deductions), failing to authorize, permit and/or make available rest periods and meal periods.

2.      Plaintiffs and members of the Collective and Class are current and former non-exempt employees of OCC, who work as Technicians. Plaintiffs seek to represent other current and former non-exempt employees who work as Technicians in this collective and class action and allege Defendant has engaged in an unlawful pattern and practices in violation of the FLSA and the California Labor Code and California Business and Professions Code.

3.      Specifically, Plaintiffs pursue claims pursuant to FLSA, 29 U.S.C. § 201, *et seq.* (failure to pay for all hours worked and overtime); California Labor Code §§ 226.7 and 512 (failure to provide meal and rest periods); § 204 (failure to compensate for all hours worked); § 1194 (failure to pay minimum wage); § 510 (failure to pay overtime and double time wages), §§ 201-203 (waiting time penalties); § 226 (failure to provide timely and compliant itemized wage statements); § 2802 (failure to reimburse for necessary business expenditures); California Business and Professions Code § 17200, *et seq.* (engaging in unfair business practices); and California Private Attorneys General Act ("PAGA") § 2699 (penalties arising from Defendant's violations of the Labor Code).

4.     OCC requires Plaintiffs and other Technicians to work grueling schedules, well over 10 hours per day and sometimes 7 days per week, without proper compensation, breaks, and reimbursement. In particular, OCC rarely pays Technicians for all hours worked, including minimum wage and overtime. Instead, OCC manipulates time records so that Technicians' hours worked are significantly underreported. OCC also does not provide Technicians with proper meal and rest breaks, although likewise requiring Technicians to falsely report breaks. For example, the grueling installation schedules imposed by OCC preclude Plaintiffs and other Technicians from taking timely and compliant meal and rest breaks. In addition, OCC requires Technicians to incur numerous work-related expenses, including but not limited to tools, supplies, and gasoline, but does not reimburse Technicians for these expenditures.

5.     Plaintiffs and other Technicians experience a number of derivate issues from the wage and hour practices, including but not limited receiving incorrect wage statements and not receiving all pay owing to them at the end of their employment. Wage statements do not accurately reflect the actual hours worked. Compensation for off-the-clock work, overtime, and premium pay for missed breaks remains outstanding after termination.

6.     Ultimately, the daily time that OCC requires Technicians to work without compensation deprives them of substantial amounts of pay to which they are entitled under California and Federal law.

7.     Further, OCC's policies and practices violate California law by failing to provide Technicians with legally-compliant meal and rest breaks.

8.     OCC also fails to compensate and/or reimburse Technicians for work-related expenses of equipment in violation of the California Labor Code.

9.     OCC engages in illegal behavior with respect to wage statements as well: failing to provide Technicians with accurate, itemized wage statements.

10.    OCC has also failed to pay all wages after Technicians voluntarily or involuntarily terminated their employment with Defendant.

11.    As a result of these violations, OCC is liable for additional, various other penalties under the Labor Code and for violation of the Unfair Business Practices Act.

12. Plaintiffs seek full compensation for all denied timely and compliant meal and rest periods, unpaid wages, including unpaid minimum wage, straight time, and overtime, waiting time penalties, premium pay. Plaintiffs also seek declaratory and injunctive relief, including restitution. Finally, Plaintiffs seek reasonable attorneys' fees and costs under the California Labor Code and California Code of Civil Procedure § 1021.5.

## JURISDICTION AND VENUE

13. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California state law claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

14. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times, Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Northern District of the State of California.

## PARTIES

15. The Named Plaintiffs Soto and Stricklen reside in the State of California.

16. Plaintiff Desi Soto worked for OCC from approximately September 2014 to February 2016 in and around the Bay Area. He worked in the non-exempt, hourly position of Main Field Technician.

17. Plaintiff Stricklen worked for OCC from approximately February 2015 to June 2016 in and around Concord, California. He worked in the non-exempt, hourly position of Main Field Technician.

18. Defendant O.C. Communications, Inc. is incorporated in California. Its headquarters are located at 2204 Kausen Drive, Suite 100, Elk Grove, California 95758. OCC does business in California, Nevada, and Florida.

19. At all relevant times, OCC has done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Collective and Putative Class Members in this judicial district. OCC is a "person" as defined in

COLLECTIVE AND CLASS ACTION COMPLAINT
*Soto and Stricklen v. O.C. Communications, Inc.*

California Labor Code § 18 and California Business and Professions Code § 17201. OCC is also an "employer" as that term is used in the California Labor Code, the IWC Wage Orders, and the FLSA.

## **FACTUAL ALLEGATIONS**

20.    OCC is one of the largest cable operators in California, Nevada, and Florida. OCC works with cable operators to provide installation services.

21.    OCC employs Technicians to carry out its installation service business. Technicians' duties included but are not limited to: driving to customers, installing cable, telephone, and internet service, making repairs, troubleshooting, and educating customers.

22.    Plaintiffs are current and former non-exempt employees of OCC, who worked in the position of Technicians – among other similarly situated, exempt employees.

23.    Specifically, Plaintiff Soto was employed by OCC from approximately September 2014 to February 2016.   At all pertinent times, Plaintiff Soto worked for OCC in and around the Bay Area, including but not limited to Oakland, Richmond, Discovery Bay, and throughout Contra Costa County, California. Plaintiff Soto worked in the position of Main Field Technician, a non-exempt position, with OCC.

24.    Plaintiffs were paid hourly and piece rate, and by commission. In particular, OCC paid Plaintiffs per job. Plaintiffs also received piece rate compensation based on the tasks they completed. For example, it was Soto's understanding that OCC would compensate him $4.00 for each line he ran. In addition, Soto was to be paid $10.00 per hour for the time he spent driving to customers. OCC's compensation system was muddled and confusing, precluding Soto from understanding his pay. Ultimately, Plaintiff Soto was not fully compensated for all his time worked and for all the tasks he completed.

25.    OCC required Plaintiffs to work a grueling schedule, well over 10 hours per day and 7 days per week. Specifically, Plaintiff Soto typically worked 12 to 18 hours per day, 6 to 7 days per week. It was common for him to begin his day around 6:00 a.m. and work until 12:00 a.m., the following morning. He often worked 100 to 120 hours per week.

26. Plaintiff Stricklen typically worked between 10 to 13 hours per day, 5 to 6 days per week. He often worked 60 to 78 hours per week.

27. Similar to Plaintiffs, the Collective and Class Members are current and former non-exempt Technicians who work, or have worked, for OCC in California and throughout the United States. Plaintiffs are informed, believe, and thereon allege that the policies and practices of OCC have at all relevant times been similar for Plaintiffs and the Collective and Class Members, regardless of location.

28. Although OCC requires Plaintiffs and Collective and Putative Class Members to work grueling schedules, OCC does not permit Technicians to log all of their time worked. This results in Technicians performing substantial off-the-clock work, including overtime work, which goes unrecorded and unpaid by OCC.

29. OCC requires Plaintiffs and other Technicians to begin their days early in the morning. Technicians must drive to several customer sites throughout the day to provide services. Driving can take a significant amount of time, upwards of an hour in between customers. However, OCC instructs Plaintiffs and other Technicians to only record 10 minutes of drive time between customers, no matter the actual drive time. The remaining work time was done off-the-clock.

30. OCC schedules numerous customer visits for Plaintiffs and other Technicians throughout the day. Even though each customer visit involves different work and can present unforeseen situations requiring additional work time, OCC expects Plaintiffs and Technicians to complete each job in the same amount of time, without regard for how long each customer visit actually takes, knowing fully that each job can take more time. Specifically, OCC allots Plaintiffs and Technicians with 2 hours for each customer visit, even though each visit can often take substantially more time. Furthermore, OCC often schedules each Technician with more than 1 customer visit during the two-hour periods, making it nearly impossible to complete both visits. If Plaintiffs and other Technicians exceed 2 hours of work on a particular customer, OCC only permits Plaintiffs and Technicians to log 2 hours of work. The remaining work time is done off-the-clock. Plaintiffs and Technicians are constantly pressured by OCC to underreport the amount

of time worked. Sometimes, OCC does not pay Plaintiffs and other Technicians for the jobs they complete.

31.    Ultimately, OCC expects Plaintiffs and other Technicians to work constantly throughout the day, including during breaks (as more fully discussed below). In fact, OCC constantly checks in with Plaintiffs and other Technicians throughout the day, often calling them numerous times to make sure they are constantly working. However, OCC does not permit Plaintiffs and Technicians to record all of their time worked. On several occasions, OCC instructs Plaintiffs and other Technicians to reduce the number of hours they log to reflect much fewer hours worked. OCC provides express directions to Technicians to change their timecards. Often, OCC's directives cause Plaintiffs and other Technicians to underreport several hours per day, upwards of 6 hours of off-the-clock work per day. Should Plaintiffs and other Technicians fail to follow OCC's instructions, OCC management manipulates time records so that Technicians' hours worked are significantly underreported.

32.    As a result of OCC's practices, Technicians are not paid for all hours worked, including minimum wage and overtime. This daily time that Defendant requires Technicians to work without compensation deprives them of substantial amounts of pay to which they are entitled under California and Federal law.  Depending upon how many hours Technicians work in a day, this unpaid time is owed to Technicians at both straight-time and overtime rates.

33.    In addition, OCC routinely denies Plaintiffs and Collective and Putative Class Members timely and compliant off-duty meal periods and rest periods.  Specifically, OCC routinely refuses to authorize, permit, and/or make available to Technicians timely and compliant thirty-minute meal periods as required by law.  Furthermore, Defendant requires Technicians to work in excess of ten hours per day, but does not authorize, permit, and/or make available to them a second thirty-minute meal period as required by law.  Under California law, generally, non-exempt, hourly employees are to receive one thirty-minute unpaid meal break at the conclusion of every five hours of labor performed.  Defendant's policy violates California law in this respect.

34.    Additionally, OCC routinely refuses to authorize or permit Technicians to take ten-minute rest periods as required by law.  Under California law, non-exempt, hourly employees are

to receive one ten-minute rest period for every four hours, or major fraction thereof, worked. Defendant's policy violates California law in this respect.

35. Plaintiffs and other Technicians routinely work well over 10 hours per day, yet are also routinely denied meal and rest periods for two reasons: (1) OCC does not authorize and permit and/or make available meal and rest breaks for Technicians; and (2) even to the extent that OCC does authorize and permit and/or make available meal and rest breaks for Technicians, OCC knows or has reason to know that Technicians are too busy with work during the day to have time to take bona fide meal and rest breaks.

36. As example, Plaintiffs and other Technicians are often too busy or not able to take meal and rest periods because OCC management provides them with unrelenting schedules for the day that are impossible to complete if Technicians take breaks. Management also monitors Plaintiffs and other Technicians throughout the day, including by telephone, directing them to go from customer to customer without breaks.

37. Even though OCC instructs and prevents Plaintiffs and other Technicians from taking breaks, OCC nevertheless requires Plaintiffs and other Technicians to record taking thirty-minute meal breaks on their timecards. As a result, the time worked by Plaintiffs and other Technicians goes unrecorded and uncompensated. Further, OCC fails to pay Plaintiffs and other Technicians for their missed breaks.

38. OCC is aware of the fact that its Technicians do not get the meal and rest periods to which they are entitled and that it maintains policies and practices that deprive its Technicians of compensation for time worked, including overtime compensation. In fact, OCC has been involved in similar litigation in the past yet continues to engage in these practices. Therefore, the denial of meal and rest periods and denial of wages to Technicians is knowing and willful.

39. Furthermore, OCC requires Plaintiffs and other Technicians to incur numerous work-related expenses, including but not limited to tools, supplies, and gasoline. Despite this requirement, OCC refuses to compensate Plaintiffs and Technicians for the costs associated with their work-related expenses.

40.   OCC is aware that the company is required to compensate Technicians for work-related expenses, yet refuses to do so.  OCC's unlawful conduct has been widespread, repeated, and willful throughout California and the United States.

41.   Plaintiffs and Collective and Putative Class Members experience a number of derivate issues from the wage and hour practices, including but not limited receiving incorrect wage statements and not receiving all pay owing to them at the end of their employment.  Wage statements do not accurately reflect the actual hours worked.  Compensation for off-the-clock work, overtime, and premium pay for missed breaks remains outstanding after termination.

### COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42.   Plaintiffs bring the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of a proposed collection of similarly situated employees defined as:

> All current and former non-exempt hourly employees of Defendant working as Technicians throughout the United States during the time period three years prior to the filing of the original complaint until resolution of this action ("the Collective").

43.   Plaintiffs, individually and on behalf of other similarly situated persons defined above, seek relief on a collective basis challenging Defendant's policy and practice of failing to accurately record all hours worked, and failing to properly pay Plaintiffs for all hours worked, including overtime compensation.  The number and identity of other similarly situated persons yet to opt-in and consent to be party-plaintiffs may be determined from the records of Defendant, and potential opt-ins may be easily and quickly notified of the pendency of this action.

44.   Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 216(b) of the FLSA, because Plaintiffs' FLSA claims are similar to the claims of the members of the Collective.

45.   The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that

requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

46. Plaintiffs are representatives of the members of the Collective and is acting on behalf of their interests, as well as Plaintiffs' own interests, in bringing this action.

47. Plaintiffs will fairly and adequately represent and protect the interests of the members of the Collective. Plaintiffs have retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

48. The similarly situated members of the Collective are known to Defendant, are readily identifiable, and may be located through Defendant's records. These similarly situated employees may readily be notified of this action, and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23

49. Plaintiffs bring the Second through Tenth Counts (the California state law claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant working as Technicians throughout the state of California during the time period four years prior to the filing of the complaint, until resolution of this action (the "Class").

50. **Numerosity**: Defendant has employed potentially thousands of non-exempt, hourly employees as Technicians during the applicable statutory period. The number of Putative Class Members are therefore far too numerous to be individually joined in this lawsuit.

51. **Existence and Predominance of Common Questions**: There are questions of law and fact common to Plaintiffs that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a.   Whether Defendant fails to authorize and permit, make available, and/or provide Putative Class Members meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

b.   Whether Defendant fails to authorize and permit, make available, and/or provide Putative Class Members meal periods to which they are entitled in violation of Business and Professions Code § 17200, *et seq.*;

c.   Whether Defendant fails to authorize and permit, make available, and/or provide Putative Class Members rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

d.   Whether Defendant fails to authorize and permit, make available, and/or provide Putative Class Members rest periods to which they are entitled in violation of Business and Professions Code § 17200, *et seq.*;

e.   Whether Defendant fails to compensate Putative Class Members for all hours worked, including overtime compensation, in violation of the Labor Code and Wage Orders;

f.   Whether Defendant fails to compensate Putative Class Members for all hours worked in violation of Business and Professions Code § 17200, *et seq.*;

g.   Whether Defendant fails to reimburse Putative Class Members for necessary business expenditures in violation of the Labor Code and Wage Orders;

h.   Whether Defendant fails to reimburse Putative Class Members for necessary business expenditures in violation of Business and Professions Code § 17200, *et seq.*;

i.   Whether Defendant has a policy and/or practice of requiring Putative Class Members to perform work off-the-clock and without compensation;

j.   Whether Defendant fails to provide Putative Class Members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

k.   Whether Defendant fails to pay Putative Class Members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

l. Whether Defendant's failure to pay Putative Class Members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code § 17200, *et seq*.;

m. Whether Defendant is liable for penalties to Putative Class Members under the PAGA; and

n. The proper formula for calculating restitution, damages, and penalties owed to Plaintiffs and the Putative Class Members as alleged herein.

52. **Typicality**:  Plaintiffs' claims are typical of the claims of the Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiffs to sustain the same or similar injuries and damages.  Plaintiffs' claims are thereby representative of and co-extensive with the claims of the Class.

53. **Adequacy**:  Plaintiffs will fairly and adequately represent and protect the interests of the Class because Plaintiffs' interests do not conflict with the interests of the members of the Class they seeks to represent.  Plaintiffs have retained Counsel competent and experienced in complex employment and wage and hour class action litigation, and intend to prosecute this action vigorously.  Plaintiffs and their Counsel will fairly and adequately protect the interests of the Class.

54. **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all Putative Class Members is not practicable, and questions of law and fact common to Plaintiffs predominate over any questions affecting only individual members of the Class.  The injury suffered by each Putative Class Member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendant economically feasible.  Individualized litigation increases the delay and expense to all Parties and the Court.  By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

55. In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

56. Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

57. Plaintiffs know of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

58. Plaintiffs intend to send notice to all Putative Class Members to the extent required under applicable class action procedures. Plaintiffs contemplate providing a notice or notices to the California Class, as approved by the Court, to be delivered through the United States mail. The notice or notices shall, among other things, advise the California Class that they shall be entitled to "opt out" of the class certified for the California Action if they so request by a date specified within the notice, and that any judgment on the California Action, whether favorable or not, entered in this case will bind all Putative Class Members except those who affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**29 U.S.C. § 201, *et seq.***
**(By Plaintiffs and the Collective)**

59. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

60. The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week. 29 U.S.C. § 207(a)(1).

61. At all times material herein, Plaintiffs and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA. *See* 29 U.S.C. § 203(e).

62. Defendant is a covered employer required to comply with the FLSA's mandates. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 552.109(a).

63. Defendant has violated the FLSA with respect to Plaintiffs and the Collective, by, *inter alia,* failing to compensate Plaintiffs and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage. Defendant has also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiffs and the Collective. 29 U.S.C. § 211(c).

64. Plaintiffs and the Collective are victims of a uniform and company-wide compensation policy. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly employees of Defendant, working in their retail establishments throughout the United States.

65. Plaintiffs and the Collective are entitled to damages equal to the mandated pay, including minimum wage, straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendant has acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

66. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate. 29 U.S.C. § 216(b).

67. As a result of the aforesaid violations of the FLSA's provisions, pay, including minimum wage, straight time, and overtime compensation, has been unlawfully withheld by Defendant from Plaintiffs and the Collective. Accordingly, Defendant is liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

68. Wherefore, Plaintiffs and the Collective request relief as hereinafter provided.

<u>**SECOND CAUSE OF ACTION**</u>
**Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods**
**Labor Code §§ 203, 223, 226.7, 512, and 1198**
**(By Plaintiffs and the California Class)**

69. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth

herein.

70.     California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendant to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees. Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Section 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable wage orders.

71.     Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize and permit a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted.

72.     Despite these requirements, Defendant has knowingly and willfully refused to perform its obligations to authorize and permit Plaintiffs and the Class to take the timely and compliant off-duty meal and rest periods to which they are entitled. Plaintiffs and the Class are routinely denied rest periods and work through their meal periods.

73.     Defendant has also failed to pay Plaintiffs and the Class one hour of pay for each untimely, non-compliant meal and/or rest period that they are denied.

74.     Defendant's conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiffs and the Class are entitled to compensation for the failure to authorize and permit meal and rest periods, plus interest, attorneys' fees, expenses, and costs of suit.

75. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Compensate for All Hours Worked**
**Labor Code §§ 200, 1194, 1198**
**(By Plaintiffs and the California Class)**

76. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

77. California Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

78. California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."

79. Defendant required Plaintiffs and the Class to work off-the-clock without compensation for their work performed. In other words, Plaintiffs and the Class were forced to perform work for the benefit of Defendant without compensation.

80. Specifically, Defendant requires its Technicians to perform work "off-the-clock" and without compensation. OCC requires Plaintiffs and Class Members to work grueling schedules, well over 10 hours per day and sometimes 7 days per week. However, Defendant rarely pays Technicians for all hours worked. Instead, Defendant manipulates time records so that Technicians' hours worked are significantly underreported. These unreported hours go unpaid by Defendant.

81. In violation of California law, Defendant knowingly and willfully refuses to perform its obligations to provide Plaintiffs and the Class with compensation for all time worked. Specifically, Defendant requires its non-exempt, hourly Technicians to perform off-the-clock work, knowing full well that such work in not compensated. Therefore, Defendant committed, and continues to commit, the acts alleged herein knowingly and willfully and in conscious disregard of the Plaintiffs' and the Class's rights. Plaintiffs and the Class are thus entitled to

recover nominal, actual, and compensatory damages in amounts according to proof at time of trial.

82.     As a proximate result of the aforementioned violations, Plaintiffs and the Class have been damaged in an amount according to proof at time of trial.

83.     Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**Labor Code §§ 1182.11, 1182.12, 1197**
**(By Plaintiffs and the Class)**

84.     Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

85.     OCC has maintained policies and procedures that create a working environment where Plaintiffs and Class Members are routinely compensated at a rate that, at times, is less than the statutory minimum wage.

86.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12 and 1197, and the IWC Minimum Wage Order were in full force and effect and required that Defendant's hourly employees receive the minimum wage for all hours worked irrespective of whether nominally paid on a piece rate, or any other bases, at the rate of eight dollars ($8.00) per hour commencing January 1, 2008 and then at the rate of nine dollars ($9.00) per hour commencing July 1, 2014.

87.     IWC Wage Order 2-2001(2)(G) defines hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

88.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

89.     Plaintiffs and proposed Class Members regularly work well in excess of eight hours per day and forty hours per week.

90. Plaintiffs and the proposed Class Members also pay expenses necessary to their employment with OCC, and are not reimbursed for these expenditures.

91. The combination of long work schedules and unreimbursed expenses regularly result in payment at rates below the minimum wage, as determined by the IWC.

92. Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

93. By failing to maintain adequate time records as required by Labor Code § 1174(d) and IWC Wage Order 2-2001(7), Defendant makes it difficult to calculate the minimum wage compensation due to Plaintiffs and proposed Class Members.

94. As a direct and proximate result of Defendant's unlawful acts and/or omissions, Plaintiffs and proposed Class Members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

### FIFTH CAUSE OF ACTION
**Failure to Pay Overtime Wages**
**Labor Code §§ 200, 510, 1194**
**(By Plaintiffs and the California Class)**

95. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

96. California Labor Code § 510(a) provides as follows:

> Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee. In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime

compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

97.    California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

98.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation." All such wages are subject to California's overtime requirements, including those set forth above.

99.    Defendant's policy and practice of requiring Plaintiffs and the Class to perform work off-the-clock is unlawful. Even absent this off-the-clock work, many of Defendant's hourly, non-exempt Technicians, including Plaintiffs and the Class, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendant's unlawful policy alleged herein of requiring Plaintiffs and the Class to perform off-the-clock work, Plaintiffs and the Class have worked overtime hours for Defendant without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

100.    As alleged above, Defendant requires its non-exempt, hourly Technicians to perform off-the-clock work, including unpaid overtime work, knowing full well that such work is being performed outside of their paid shifts. Defendant has, therefore, knowingly and willfully refused to perform its obligations to compensate Plaintiffs and the Class for all premium wages for overtime work. As a proximate result of the aforementioned violations, Defendant has damaged Plaintiffs and the Class in amounts to be determined according to proof at time of trial, but in an amount in excess of the jurisdictional requirements of this Court.

101.    Defendant is liable to Plaintiffs and the Class for the unpaid overtime and civil penalties, with interest thereon. Furthermore, they are entitled to an award of attorneys' fees and

costs as set forth below.

102. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

### SIXTH CAUSE OF ACTION
**Failure to Reimburse for Necessary Business Expenditures in
Labor Code § 2802
(By Plaintiffs and the California Class)**

103. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

104. Labor Code § 221 provides that it shall be unlawful for any employer to collect or receive any part of wages theretofore paid by said employer to said employee.

105. California Labor Code § 2802 provides that an employer must reimburse an employee for necessary expenditures and losses incurred by an employee in the direct consequence of the discharge of his or her duties.

106. Defendant requires Plaintiffs and the Class to incur numerous work-related expenses, including but not limited to tools, supplies, and gasoline, to perform their work duties. However, Defendant does not compensate Plaintiffs and the Class for the expenses required to perform their work-related tasks.

107. Because of Defendant's failure to comply with the provisions of the applicable Wage Order and California Labor Code §§ 221 and 2802, Plaintiffs and the Class have suffered damages. Plaintiffs and the Class seek reimbursement for the necessary expenditures they have incurred in direct consequence of the discharge of their duties in an amount according to proof at time of trial, with interest thereon, costs, applicable civil penalties and attorneys' fees pursuant to California Labor Code § 2802 and the applicable Wage Order.

108. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

//

//

//

## SEVENTH CAUSE OF ACTION
### Waiting Time Penalties
### Labor Code §§ 201-203
### (By Plaintiffs and the California Class)

109. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

110. Labor Code § 201 provides:

> If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately.

111. Labor Code § 202 provides:

> If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

112. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

113. Some of the Plaintiffs and Putative Class Members have left their employment with Defendant during the statutory period, at which time Defendant owed them unpaid wages. These earned, but unpaid, wages derive from time spent working through their meal and rest breaks, from time spent outside of their scheduled and paid shifts performing other work-related activities, and overtime compensation that was not accounted for in the performance of off-the-clock work.

114. Defendant willfully refused, and continues to refuse, to provide Plaintiffs and the Class with meal and rest period premium pay and with payment for off-the-clock work performed. In particular, as alleged above, Defendant is aware Plaintiffs and the Class regularly miss or have interrupted their meal and rest breaks as a result of Defendant's unlawful policies and practices, but Defendant, nevertheless, refuses to authorize premium pay for missed or interrupted meal and rest periods. Likewise, as alleged above, although Defendant knew, and continues to know, full

well that Plaintiffs and the Class performed required off-the-clock work, Defendant still refuses to pay Plaintiffs and the Class for the off-the-clock work performed.

115. Accordingly, Defendant willfully refused and continues to refuse to pay those members of the Class that left their employment with Defendant all the wages that were due and owing them upon the end of their employment. As a result of Defendant's actions, Plaintiffs and the Putative Class Members have suffered and continue to suffer substantial losses, including lost earnings and interest.

116. Defendant's willful failure to pay the former employees the wages due and owing them constitutes a violation of Labor Code §§ 201-202. As a result, Defendant is liable to them for all penalties owing pursuant to Labor Code §§ 201-203.

117. In addition, Labor Code § 203 provides that an employee's wages will continue as a penalty up to thirty days from the time the wages were due. Therefore, the former employees are entitled to penalties pursuant to Labor Code § 203, plus interest.

118. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

<u>**EIGHTH CAUSE OF ACTION**</u>
**Itemized Wage Statements**
**Labor Code § 226**
**(By Plaintiffs and the California Class)**

119. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

120. Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of

hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

121. Labor Code § 226(e) provides:

An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

Plaintiffs seek to recover actual damages, costs, and attorneys' fees under this section.

122. Defendant has failed to provide timely, accurate, itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendant provides its employees, including to Plaintiffs and the Class, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendant does not count as "hours worked" the off-the-clock time its hourly, non-exempt Technicians spend performing work activities outside of their scheduled paid shifts and other work-related activities.

123. Defendant's failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendant was aware that Plaintiffs and the Class performed off-the-clock work, Defendant systematically fails to include this time worked in Plaintiffs' wage statements.

124. Plaintiffs and the Class have suffered injury as a result of Defendant's knowing and intentional failure to provide timely, accurate itemized wage statements to Plaintiffs and the Class in accordance with Labor Code § 226(a). In particular, the injury stemming from Defendant's violations is evidenced by this live and active dispute regarding unpaid wages, including, overtime pay, between the Parties. As a result of Defendant's violations, Plaintiffs and the Class are required to undertake the difficult and costly task of attempting to reconstruct Defendant's

incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

125. Defendant is liable to Plaintiffs and the Class alleged herein for the amounts described above in addition to the civil penalties set forth below, with interest thereon. Furthermore, Plaintiffs and the Class are entitled to an award of attorneys' fees and costs as set forth below.

126. Wherefore, Plaintiffs and the Class pray for relief as set forth below.

### NINTH CAUSE OF ACTION
**Unfair Business Practices**
**Business and Professions Code § 17200, *et seq.***
**(By Plaintiffs and the California Class)**

127. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

128. California Business and Professions Code § 17200, *et seq.* prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

129. California Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

130. Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

131. Beginning at an exact date unknown to Plaintiffs and the Class, but at least since the date four years prior to the filing of this suit, Defendant has committed acts of unfair competition as defined by the Unfair Business Practices Act by engaging in the unlawful, unfair, and fraudulent business acts and practices described in this Consolidated Complaint, including, but not limited to:

    a. violations of Labor Code §§ 226.7 and 512 and IWC Wage Orders pertaining to meal and rest breaks;

b. violations of Labor Code § 1194 and IWC Wage Orders pertaining to the payment of wages;

c. violations of Labor Code § 510 and applicable IWC Wage Orders pertaining to overtime;

d. violations of Labor Code § 2802 and IWC wage orders pertaining to reimbursement of necessary business expenditures; and

e. violations of Labor Code §§ 201-203.

132. The violations of these laws and regulations, as well as of the fundamental California public policies protecting wages and discouraging overtime labor underlying them, serve as unlawful predicate acts and practices for purposes of Business and Professions Code § 17200, *et seq.*

133. The acts and practices described above constitute unfair, unlawful, and fraudulent business practices, and unfair competition, within the meaning of Business and Professions Code § 17200, *et seq.* Among other things, the acts and practices have taken from Plaintiffs' and the Class's wages rightfully earned by them, while enabling the Defendant to gain an unfair competitive advantage over law-abiding employers and competitors.

134. Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.

135. As a direct and proximate result of the aforementioned acts and practices, Plaintiffs and the Class have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

136. Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition. Plaintiffs and the Class are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

137. Plaintiffs' success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiffs sue on behalf of themselves and others similarly situated. Plaintiffs and the Class seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

138. Plaintiffs herein take it upon themselves enforcement of these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiffs by forcing them to pay attorneys' fees from the recovery in this action. Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

139. Wherefore, Plaintiffs and the Class request relief as hereinafter provided.

## TENTH CAUSE OF ACTION
### Penalties
### Private Attorneys General § 2699(a)
### (By Plaintiffs and the California Class)

140. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

141. Labor Code § 2699(a) provides:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought be an aggrieved employee on behalf of himself or herself and other current or former employees.

142. Labor Code § 203 provides, in relevant part:

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

143. Labor Code § 226.7 provides:

> (a) No employer shall require any employee to work during any meal or rest period mandated by an applicable order of the Industrial Welfare Commission.

(b) If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

144.    Labor Code § 226(a) provides:

Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the place of employment or at a central location within the State of California.

145.    Labor Code § 226.3 provides:

Any employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial citation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the records required in subdivision (a) of Section 226. The civil penalties provided for in this section are in addition to any other penalty provided by law. In enforcing this section, the Labor Commissioner shall take into consideration whether the violation was inadvertent, and in his or her discretion, may decide not to penalize an employer for a first violation when that violation was due to a clerical error or inadvertent mistake.

146. Plaintiffs and the Class seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to timely pay all wages owed to Plaintiffs and the Class in compliance with Labor Code §§ 201-202 in the amounts established by Labor Code § 203. Plaintiffs and the Class seek such penalties as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

147. In addition, Plaintiffs and the Class seek civil penalties pursuant to Labor Code § 2699(a) for each occasion on which Defendant, alleged above, required Plaintiffs and the Class to be denied timely and compliant meal and rest periods in violation of Labor Code § 226.7(a) and applicable Wage Orders. Plaintiffs and the Class seek such penalties in the amounts established by Labor Code § 226.7(b) as an alternative to the penalties available under Labor Code § 203, as prayed for herein.

148. Plaintiffs and the Class also seek civil penalties pursuant to Labor Code § 2699(a) for each failure by Defendant, alleged above, to provide Plaintiffs and the Class accurate, itemized wage statements in compliance with Labor Code § 226(a) in the amounts established by Labor Code § 226(e). Plaintiffs and the Class seek such penalties as an alternative to the penalties available under Labor Code § 226(e), as prayed for herein.

149. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiffs have provided the Labor and Workforce Development Agency ("LWDA") with notice of their intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiffs. Plaintiffs have satisfied the administrative prerequisites to commence this civil action.

150. Plaintiffs seeks the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(h).

151. Defendant is liable to Plaintiffs, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiffs and the Class are also entitled to an award of attorneys' fees and costs as set forth below.

152. Wherefore, Plaintiffs and the Class pray for relief as set forth below.

## ELEVENTH CAUSE OF ACTION
### Penalties
### Private Attorneys General Act § 2699(f)
### (By Plaintiffs and the California Class)

153. Plaintiffs re-allege and incorporate the foregoing paragraphs as though fully set forth herein.

154. Labor Code § 2699(f) provides:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation[.]

155. To the extent than any violation alleged herein does not carry penalties under Labor Code § 2699(a), Plaintiffs seek civil penalties pursuant to Labor Code § 2699(f) for each pay period in which Plaintiffs were aggrieved, in the amounts established by Labor Code § 2699(f).

156. Pursuant to Labor Code § 2699.3(a)(1) and (2), Plaintiffs have provided the LWDA with notice of their intention to file this claim. The time period has elapsed for the LWDA to respond, without any notice to Plaintiffs. Plaintiffs have satisfied the administrative prerequisites to commence this civil action.

157. Plaintiffs and the Class seek the aforementioned penalties on behalf of the State, other aggrieved employees, and themselves as set forth in Labor Code § 2699(h).

158. Defendant is liable to Plaintiffs, the Class, and the State of California for the civil penalties set forth in this Complaint, with interest thereon. Plaintiffs and the Class are also entitled to an award of attorneys' fees and costs as set forth below.

159. Wherefore, Plaintiffs and the Class pray for relief as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, the Collective, and the Class pray for relief as follows:

160. Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the California Labor Code;

161.  For a declaratory judgment that Defendant has violated the California Labor Code and public policy as alleged herein;

162.  For a declaratory judgment that Defendant has violated Business and Professions Code § 17200, *et seq.*, as a result of the aforementioned violations of the Labor Code and of California public policy protecting wages;

163.  For a declaratory judgment that Defendant has violated the Fair Labor Standards Act as alleged herein;

164.  For an equitable accounting to identify, locate, and restore to all current and former Plaintiffs the wages they are due, with interest thereon;

165.  For an order awarding Plaintiffs, the Collective, and the Class liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiffs, the Collective, and the Class, together with interest on these amounts, according to proof;

166.  For an order awarding Plaintiffs and the Class civil penalties pursuant to the Labor Code provisions cited herein, with interest thereon;

167.  For an award of reasonable attorneys' fees as provided by the California Labor Code, California Code of Civil Procedure § 1021.5, and/or other applicable law;

168.  For all costs of suit;

169.  For interest on any damages and/or penalties awarded, as provided by applicable law; and

170.  For such other and further relief as this Court deems just and proper.

Date: January 18, 2017                    Respectfully submitted,

                                          */s/ Nicole N. Coon*

                                          Carolyn Hunt Cottrell
                                          Nicole N. Coon
                                          SCHNEIDER WALLACE
                                          COTTRELL KONECKY
                                          WOTKYNS LLP

Shanon J. Carson (*pro hac vice* to be submitted)
Sarah R. Schalman-Bergen (*pro hac vice* to be submitted)
Alexandra K. Piazza (*pro hac vice* to be submitted)
Camille Fundora (*pro hac vice* to be submitted)
BERGER & MONTAGUE, P.C.

Attorneys for Plaintiffs, the Collective and Putative Class

1

## **DEMAND FOR JURY TRIAL**

2          Plaintiffs hereby demand a jury trial on all claims and issues for which Plaintiffs, the

3   Collective and the Class are entitled to a jury.

4

5   Date: January 18, 2017                    Respectfully submitted,

6

7                                            */s/ Nicole N. Coon*
                                             Carolyn Hunt Cottrell
8                                            Nicole N. Coon
                                             SCHNEIDER WALLACE
9                                            COTTRELL KONECKY
                                             WOTKYNS LLP
10

11                                           Shanon J. Carson (*pro hac vice* to be submitted)
                                             Sarah R. Schalman-Bergen (*pro hac vice* to be
12                                           submitted)
                                             Alexandra K. Piazza (*pro hac vice* to be submitted)
13                                           Camille Fundora (*pro hac vice* to be submitted)
                                             BERGER & MONTAGUE, P.C.
14

15                                           Attorneys for Plaintiffs, the Collective and Putative
                                             Class
16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2017, I electronically filed the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all CM/ECF participants.

Date: January 18, 2017

*/s/ Nicole N. Coon*
Nicole N. Coon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, CA 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ncoon@schneiderwallace.com