UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIDERO SOTO, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>O.C. COMMUNICATIONS, INC.,<br><br>    Defendant. | Case No. 17-cv-00251-VC<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT AND MODIFY CASE MANAGEMENT SCHEDULE**<br><br>Re: Dkt. No. 222 |

    The motion for leave to file a second amended complaint is granted.

    1. Because the plaintiffs seek to amend their complaint after the deadline to amend pleadings, they must show good cause exists to modify the scheduling order. *See* Fed. R. Civ. P. 16(b)(4). Under this standard, a "district court may modify the pretrial schedule 'if [the schedule] cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (quoting Fed. R. Civ. P. 16(b) advisory committee's note to 1983 amendment). The plaintiffs could not have reasonably met the August 2017 deadline to amend their complaint. The plaintiffs could not have named Comcast as a defendant in August 2017 because the plaintiffs had not yet received the discovery that supports their allegations that Comcast is a joint employer. In fact, because of O.C. Communications' stonewalling, the plaintiffs did not receive this discovery – which they first requested in May 2017 – until January and February 2018. Dkt. No. 227-1, Leimbach Decl. at ¶¶ 10-11; Dkt. No. 227-2, Leimbach Decl. Ex. 1 at 3-5. And the plaintiffs could not have alleged a Washington class in August 2017 because the named plaintiffs at that time would have lacked standing to bring claims under Washington law. *Cf. In re Ditropan XL Antitrust Litigation*, 529

F. Supp. 2d 1098, 1106-07 (N.D. Cal. 2007).

    2. Leave to amend is also appropriate under Federal Rule of Civil Procedure 15. Leave can be denied if an amended pleading would cause undue prejudice to the opposing party. But O.C. Communications has not shown undue prejudice. The proposed amendments do not dramatically alter the scope of the litigation or impose significant costs on O.C. Communications that would have been avoided had the plaintiffs amended their complaint to include joint-employer allegation or Washington state-law claims at an earlier date. *Cf. AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). Moreover, O.C. Communications has been on notice that the plaintiffs were interested in pursuing a Washington State class since at least August 2017. Dkt. No. 227- 1, Leimbach Decl. at ¶ 8. And it was on notice that the plaintiffs were looking into whether Comcast was a joint employer since at least May 2017. Dkt. No. 227-2, Leimbach Decl. Ex. 1 at 3-5. To be sure, this case has been delayed. It has been delayed primarily by O.C. Communications' intransigence. Any harm O.C. Communications has experienced is of its own making.

    3. The deadlines relating to class certification are vacated. Thursday's hearing on the motion for leave to amend is converted to a case management conference. The parties should meet and confer beforehand on a revised case management schedule. The proposed amended complaint is deemed filed as of today.

    **IT IS SO ORDERED.**

Dated: March 13, 2018

                                                         VINCE CHHABRIA
                                                         United States District Judge