| | |
|---|---|
| 1 | BARBARA A. BLACKBURN, Bar No. 253731 |
| | bblackburn@littler.com |
| 2 | LITTLER MENDELSON, P.C. |
| | 500 Capitol Mall, Suite 2000 |
| 3 | Sacramento, CA 95814 |
| | Telephone: 916.830.7200 |
| 4 | Fax No.: 916.561.0828 |
| 5 | JEFFREY J. MANN, Bar No. 253440 |
| | jmann@littler.com |
| 6 | LITTLER MENDELSON, P.C. |
| | TREAT TOWERS |
| 7 | 1255 Treat Blvd., Suite 600 |
| | Walnut Creek, CA 94597 |
| 8 | Telephone: 925.932.2468 |
| | Fax No.: 925.946.9809 |
| 10 | Attorneys for Defendant |
| | O.C. COMMUNICATIONS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIDERO SOTO, STEVEN STRICKLEN, STEEVE FONDROSE, LORENZO ORTEGA, and JOSE FARIAS, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> O.C. COMMUNICATIONS, INC, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, <br><br> Defendants. | Case No. 3:17-cv-00251-VC <br><br> ASSIGNED FOR ALL PURPOSES TO JUDGE VINCE CHHABRIA <br><br> **DECLARATION OF STEVE FAZIO IN SUPPORT OF DEFENDANT OCC COMMUNICATIONS, INC.'S MOTION TO COMPEL ARBITRATION, STRIKE CLASS ALLEGATIONS, AND STAY ANY NON-ARBITRABLE PROCEEDINGS** <br><br> DATE: September 27, 2018 <br> TIME: 10:00 AM <br> COURTROOM: 4, 17th Floor <br><br> COMPLAINT FILED: January 18, 2017 |

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

DECLARATION OF FAZIO ISO DEFENDANT'S MOTION TO COMPEL ARBITRATION

I, Steve Fazio, declare as follows:

1. I am employed by Defendant O.C. Communications, Inc. ("OCC") as its Vice President of Human Resources. Unless otherwise stated, the following declaration is based on my personal knowledge or upon my review of OCC's records maintained in the ordinary course of business. If called upon to do so, I could and would testify competently as to the information contained herein.

2. I have been the Vice President of Human Resources at OCC since January 2016. During the first five to six months of my employment with OCC, I worked closely with Karen Conrad, the prior VP of HR, to learn OCC's policies, procedures, and practices, especially with respect to its human resources functions. My responsibilities as the VP of HR include the oversight of all of OCC's human resources employees and functions, including the ultimate responsibility for the maintenance of all personnel files and the contents thereof. I maintain and rely on the accuracy of OCC's personnel files on a regular basis, for litigation purposes, employee and attorney requests for copies of employees' personnel files, among other duties. I also have basic high-level knowledge of OCC's operations nationwide, and work with outside counsel with regard to litigation against OCC.

3. OCC contracts with cable providers throughout the nation, including Comcast, to install residential and commercial cable services, including the installation and re-wiring of internal and external cables, and the installation of residential alarms to customers of Comcast and other cable providers.

4. My job duties including overseeing OCC's orientation and on-boarding process. Beginning in 2004 and continuing to the present, as part of OCC's routine on-boarding process, newly-hired employees are physically given a copy of the applicable Arbitration Agreement at the same time as they are provided with other documents the employee is asked to complete at the time they are hired. Current employees are from time to time given the opportunity to review and agree to a revised Arbitration Agreement.

5. The onboarding process is typically either handled by either one of OCC's corporate human resources employees, such as former Administrative Assistant Kimberly Herendeen (née Pearce) if the employee is being hired in the Sacramento area, or a local manager responsible for the

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

particular warehouse where the employee is being hired. Kacey Clark, our HR Generalist, handles the onboarding process for new hires in the Everett, Washington region, and maintains the personnel files for OCC's employees in Washington, Arizona, and Utah. Regardless of who handles the onboarding process, that employee is responsible for confirming that the new hire has reviewed and signed all of OCC's new hire paperwork, including OCC's then-current arbitration agreement. Prior to going to "paperless" personnel files, the person responsible for the onboarding process would send the original signed arbitration agreement to our corporate headquarters in Elk Grove, where the document would be placed in the new hire's personnel file. Under our current system in California, which began in the last year or so, the person conducting the onboarding process will scan a copy of the arbitration agreement to OCC's HR department, which then places the scanned file in an electronic personnel folder. Our Washington, Arizona and Utah operations have not transitioned to our paperless system.

6. If the employee responsible for the onboarding process fails to send a particular document that is part of OCC's onboarding packet, my team is responsible for following up to ensure that we receive all necessary documents, and to ensure that we maintain a complete and accurate personnel file for the new hire.

7. My job duties also require me to have knowledge of all of the different arbitration agreements that OCC has used. Attached hereto as Exhibit "A" is a true and correct copy of OCCs initial arbitration agreement created in 2004 (the "2004 Agreement"). A total of seven (7) opt-in plaintiffs signed the 2004 Agreement but did not sign any subsequent Arbitration Agreements.

8. In January of 2013, OCC revised its Mutual Arbitration Agreement and created the "2013 Agreement." A true and correct copy of the 2013 Agreement is attached hereto as Exhibit "B". OCC requested that all cable installation technicians nationwide review and sign 2013 Agreement if they were employed at the time it was introduced. OCC also requested that all subsequently hired technicians sign the 2013 Agreement until OCC further revised the Agreement in 2015. A total of 581 opt-in plaintiffs signed the 2013 Agreement but did not sign any subsequent Arbitration Agreements.

9. In November of 2015, OCC again revised the terms of the Arbitration Agreement and

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

3.
DECLARATION OF FAZIO ISO DEFENDANT'S MOTION TO COMPEL ARBITRATION

created the "2015 Agreement," and requested that all new technicians review and sign the agreement, unless they elected to opt out of doing so. A true and correct copy of the 2015 Agreement is attached hereto as Exhibit "C." A total of 339 opt-in plaintiffs signed the 2015 Agreement but did not sign any subsequent Arbitration Agreements.

10. In January of 2017, OCC again revised the terms of the Arbitration Agreement (the "2017 Agreement," and requested that all new technicians review and sign the agreement, unless they elected to opt out of doing so. A true and correct copy of the 2017 Agreement is attached hereto as Exhibit "D". A total of 24 opt-in plaintiffs signed the 2017 Agreement.

11. My HR team and I have reviewed the personnel files of all of OCC's employees who have worked for the company since January 18, 2013 through January 18, 2018. We then pulled the arbitration agreement acknowledgments from all such files.

12. Attached as Exhibit "E" are true and correct copies of the arbitration agreement acknowledgments for named plaintiffs Desidero Soto, Steven Stricklen, Steeve Fondrose, Lorenzo Ortega, and Jose Antonio Farias, Jr.

13. Attached as Exhibit "F" are true and correct copies of the arbitration agreement acknowledgments for the seven (7) opt-in plaintiffs who agreed to the 2004 Agreement, along with a list of all such individuals. Based on my review of the personnel files of such individuals, all such employees signed the acknowledgments in Exhibit "F" as part of their onboarding process.

14. Attached as Exhibit "G" are true and correct copies of the arbitration agreement acknowledgments for the 581 opt-in plaintiffs who agreed to the 2013 Agreement, along with a list of all such individuals. Based on my review of the personnel files of such individuals, all such employees signed the acknowledgments in Exhibit "G" as part of their onboarding process.

15. Attached as Exhibit "H" are true and correct copies of the arbitration agreement acknowledgments for the 339 opt-in plaintiffs who agreed to the 2015 Agreement, along with a list of all such individuals. Based on my review of the personnel files of such individuals, all such employees signed the acknowledgments in Exhibit "H" as part of their onboarding process.

16. Attached as Exhibit "I" are true and correct copies of the arbitration agreement acknowledgments for the 24 opt-in plaintiffs who agreed to the 2017 Agreement, along with a list of

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

4.
DECLARATION OF FAZIO ISO DEFENDANT'S MOTION TO COMPEL ARBITRATION

all such individuals. Based on my review of the personnel files of such individuals, all such employees signed the acknowledgments in Exhibit "I" as part of their onboarding process.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 23rd day of August, 2018 at Elk Grove, California.

_____
Steve Fazio

Firmwide:156290905.1 092551.1001

LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, CA 95814
916.830.7200

5.
DECLARATION OF FAZIO ISO DEFENDANT'S MOTION TO COMPEL ARBITRATION