EXHIBIT D

**ARBITRATION AGREEMENT [COMPANY COPY]**

**READ THIS AGREEMENT CAREFULLY. PLEASE RETURN THE SIGNED AGREEMENT TO YOUR SUPERVISOR OR OTHER MEMBER OF MANAGEMENT FOR RETENTION IN YOUR PERSONNEL FILE.**

**YOU HAVE THE RIGHT TO CONSULT WITH COUNSEL CONCERNING THIS AGREEMENT.**

**1. How This Agreement Applies**

This Agreement is between Employee (identified in the signature block below) and O.C. Communications, Inc. ("Company"), and it is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Any reference to Company includes its affiliates, subsidiaries, and parents companies, including without limitation OCC Pioneer Cable Contractors, Inc., and all successors and assigns of any entity included in the definition of Company. **All disputes covered by this Agreement shall be decided by an arbitrator through final and binding arbitration in accordance with the terms of this Agreement, and not by way of court, jury trial, or any other adjudicatory proceeding.**

Unless the dispute is expressly excluded below, this Agreement applies to any dispute, past, present, or future, arising out of or related to Employee's application for employment, employment, and/or termination of employment with Company and survives after the employment relationship terminates. This Agreement applies to a covered dispute that Company may have against Employee or that Employee may have against Company or its employees, officers, directors, shareholders, principals, and agents (all of whom may enforce this Agreement as a direct or third party beneficiary). Company and Employee agree that Comcast Cable Communications Management, LLC (together with its affiliates, members, parents, and subsidiaries) (herein "Comcast") shall also be an intended third party beneficiary under this Agreement. As a result, any claims or disputes between Employee and Comcast shall also be covered by this Agreement.

Except as it otherwise provides, this Agreement applies to disputes that otherwise would be resolved under applicable law in a court of law or before a forum other than arbitration, including, without limitation, claims and disputes based upon or regarding the employment relationship, trade secrets, unfair competition, wages, compensation or monies claimed to be owed, breaks, meals, and rest periods, termination, discrimination, harassment, retaliation, defamation, emotional distress, breach of contract, breach of fiduciary duty, fraud, negligence, tort claims, equitable claims, and claims arising under the Uniform Trade Secrets Act, Title VII of Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, 42 U.S.C. §1981, Fair Credit Reporting Act, Equal Pay Act, False Claims Act, and state or local statutes, if any, addressing the same or similar subject matters, and all other statutory and common law claims.

The Arbitrator shall have the exclusive authority to resolve any dispute relating to the interpretation, applicability, or enforceability of this Agreement. However, the preceding sentence shall not apply to the "Class Action Waiver" described in Section 3 below. Regardless of anything else in this Agreement and/or the American Arbitration Association ("AAA") rules or procedures, any dispute relating to the interpretation, applicability, or enforceability of the Class Action Waiver, or any dispute otherwise relating to whether this Agreement precludes a class or collective action proceeding, may only be determined by a court and not an arbitrator.

**2. Limitations on How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits; however, it does apply to retaliation claims based upon seeking such benefits.

Nothing in this Agreement prevents the making of a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities and Exchange Commission, Occupational Health and Safety Administration, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement. This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement. Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration. Nothing in this Agreement shall be construed to prevent or excuse Employee or Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Disputes that may not be subject to a pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) or any applicable federal statute are excluded from the coverage of this Agreement. Additionally, both Employee and Company may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy; however, all determinations of final relief shall be decided in arbitration.

**3. Class Action Waiver**

Employee and Company agree to bring any covered claim or dispute in arbitration only, and not as a class or collective action; Employee and Company waive any right for a dispute or claim to be brought, heard, or decided as a class or collective action, and the Arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

In the event a final judicial determination is made that the Class Action Waiver is unenforceable and that a class or collective action may proceed notwithstanding the existence of this Agreement, the Arbitrator is nevertheless without authority to preside over a class or collective action and any class or collective action must be brought in a court of competent jurisdiction.

**4. Selecting the Arbitrator**

The Arbitrator shall be selected by mutual agreement of the Company and the Employee. Unless the Employee and Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the state where the arbitration proceeding will be conducted or a retired federal or state judge. In the event the parties cannot agree to an arbitrator, they shall proceed to arbitration before a single arbitrator under the AAA and the then current AAA Employment Arbitration Rules (the AAA Rules are available through Company's Human Resources Department or the AAA's website (www.adr.org)), provided, however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern. If the parties proceed to arbitration under the AAA, the Arbitrator shall be selected as follows: AAA shall give each party a list of seven (7) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days to strike all names on the list he/she/it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately, with the claimant striking first, until only one remains and that person shall be designated as the Arbitrator. If no common name remains on the lists of all parties, AAA shall furnish an additional list of seven (7) arbitrators from which the parties shall strike alternately until only one name remains, with the party to strike first determined by a coin toss. That person shall be designated as the Arbitrator. If a person selected cannot serve, the selection process shall be repeated.

**5. Starting the Arbitration**

All claims in arbitration are subject to the same statutes of limitation (deadline for filing a claim) that would apply in court. The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Business Office at 2204 Kausen Dr., #100, Elk Grove, CA. 95758. Any demand for arbitration made to Employee shall be sent to the last home address Employee provided to the Company. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

**6. Rules/Standards for the Arbitration**

The Arbitrator may award any remedy available under applicable law, but remedies shall be limited to those that would be available to a party in their individual capacity for the claims presented to the Arbitrator. The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted. The location of the arbitration proceeding shall be in the county where Employee currently works or last worked for Company, unless each party agrees otherwise. The Arbitrator has the authority to entertain a motion to dismiss and/or a motion for summary judgment and shall apply the standards for such motions under the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall apply to the proceeding. The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law. A court of competent jurisdiction shall have the authority to enter judgment upon the

Arbitrator's decision/award.

The parties have the right to conduct discovery and present witnesses and evidence as needed to present their cases and defenses, and any dispute in this regard shall be decided by the Arbitrator. Each party shall have the right to subpoena witnesses and documents, including documents relevant to the case from third parties.  Each party shall have the right to take the deposition of two (2) individual fact witnesses and any expert witness designated by another party.  Each party shall have the right to propound one (1) set of written interrogatories (not to exceed fifteen (15)) and one (1) set of request for production of documents (not to exceed twenty-five (25)) to any party.  Each party can request that the Arbitrator allow additional discovery, and additional discovery may be conducted by agreement or as ordered by the Arbitrator.   At least thirty days before the final hearing, the parties must exchange a list of witnesses and copies of all exhibits to be used at the hearing.

### 7. Paying For the Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. Unless otherwise prohibited by law, the claimant shall be responsible for paying an initial filing fee of $200 or an amount equal to the applicable filing fee had the claim been brought in a court of law, whichever is less.  In all cases where required by law, the Company will pay the Arbitrator's fees and any fees for administering the arbitration, and any disputes in that regard will be resolved by the Arbitrator.

### 8. An Employee's Right to Opt Out Of Arbitration

**Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.** Employee must submit a signed and dated statement on a "Dispute Resolution Agreement Opt Out Form" ("Form") that can be obtained from the Company's Business Office, 2204 Kausen Dr., #100, Elk Grove, CA 95758, 916-686-3700. In order to be effective, the signed and dated Form must be returned to the Business Office within 30 days of the Employee's receipt of this Agreement. If Employee timely opts out as provided in this paragraph, he/she will not be subject to any adverse employment action as a consequence of that decision and neither Employee nor Company will be bound by this Agreement. Should an Employee not opt out of this Agreement within 30 days of Employee's receipt of this Agreement, continuing Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and Company and both Employee and Company will be required to arbitrate all claims and disputes covered by this Agreement in accordance with its terms. Employee has the right to consult with counsel of the Employee's choice concerning this Agreement.

### 9. Non-Retaliation

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Director.

**10. Enforcement of This Agreement**

This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. Except as stated in Section 3 above, in the event any portion of this Agreement is deemed unenforceable, the unenforceable language will be severed from the Agreement and the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class or collective action in arbitration. Subject to Section 8 above, this Agreement may not be modified or terminated absent a writing signed by both parties.

I ACKNOWLEDGE AND AGREE THAT, IF I DO NOT OPT-OUT OF THIS AGREEMENT IN ACCORDANCE WITH SECTION 8 ABOVE, I WILL BE BOUND BY THIS ARBITRATION AGREEMENT WHICH REQUIRES THAT COVERED DISPUTES BE RESOLVED BY FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH THE TERMS OF THIS AGREEMENT AND I UNDERSTAND THAT I AM WAIVING MY RIGHT TO A JURY TRIAL AND I AGREE TO WAIVE THIS RIGHT.

I ACKNOWLEDGE AND AGREE THAT I: (A) HAVE HAD SUFFICIENT OPPORTUNITY TO REVIEW THIS AGREEMENT, (B) HAVE IN FACT READ AND UNDERSTOOD THIS AGREEMENT, (C) ENTER INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND OF MY OWN CHOOSING WITHOUT COERCION OR THREATS OF ANY SORT, AND (D) DID NOT RELY, AND HAVE NOT RELIED, ON ANY FACT, REPRESENTATION, STATEMENT OR ASSUMPTION OTHER THAN THOSE SPECIFICALLY SET FORTH IN THIS AGREEMENT.

_____   _____
Employee's Signature        Employee's Position


_____   Dated: _____
Employee's Name (Please Print)

O.C. Communications, Inc.

By: _____
    Craig Freeman, President

**ARBITRATION AGREEMENT [EMPLOYEE/DUPLICATE COPY]**

**READ THIS AGREEMENT CAREFULLY.   YOU SHOULD RETAIN THIS DUPLICATE FOR YOUR RECORDS.**

**YOU HAVE THE RIGHT TO CONSULT WITH COUNSEL CONCERNING THIS AGREEMENT.**

**1. How This Agreement Applies**

This Agreement is between Employee (identified in the signature block below) and O.C. Communications, Inc. ("Company"), and it is governed by the Federal Arbitration Act, 9 U.S.C. § 1 et seq. and evidences a transaction involving commerce. Any reference to Company includes its affiliates, subsidiaries, and parents companies, including without limitation OCC Pioneer Cable Contractors, Inc., and all successors and assigns of any entity included in the definition of Company.  **All disputes covered by this Agreement shall be decided by an arbitrator through final and binding arbitration in accordance with the terms of this Agreement, and not by way of court, jury trial, or any other adjudicatory proceeding.**

Unless the dispute is expressly excluded below, this Agreement applies to any dispute, past, present, or future, arising out of or related to Employee's application for employment, employment, and/or termination of employment with Company and survives after the employment relationship terminates.  This Agreement applies to a covered dispute that Company may have against Employee or that Employee may have against Company or its employees, officers, directors, shareholders, principals, and agents (all of whom may enforce this Agreement as a direct or third party beneficiary).  Company and Employee agree that Comcast Cable Communications Management, LLC (together with its affiliates, members, parents, and subsidiaries) (herein "Comcast") shall also be an intended third party beneficiary under this Agreement. As a result, any claims or disputes between Employee and Comcast shall also be covered by this Agreement.

Except as it otherwise provides, this Agreement applies to disputes that otherwise would be resolved under applicable law in a court of law or before a forum other than arbitration, including, without limitation,  claims and disputes based upon or regarding the employment relationship, trade secrets, unfair competition, wages, compensation or monies claimed to be owed, breaks, meals, and rest periods, termination, discrimination, harassment, retaliation, defamation, emotional distress, breach of contract, breach of fiduciary duty, fraud, negligence, tort claims, equitable claims, and claims arising under the Uniform Trade Secrets Act, Title VII of Civil Rights Act of 1964, Americans With Disabilities Act, Age Discrimination in Employment Act, Family Medical Leave Act, Fair Labor Standards Act, Employee Retirement Income Security Act (except for claims for employee benefits under any benefit plan sponsored by the Company and covered by the Employee Retirement Income Security Act of 1974 or funded by insurance), Genetic Information Non-Discrimination Act, 42 U.S.C. §1981, Fair Credit Reporting Act, Equal Pay Act, False Claims Act, and state or local statutes, if any, addressing the same or similar subject matters, and all other statutory and common law claims.

The Arbitrator shall have the exclusive authority to resolve any dispute relating to the

interpretation, applicability, or enforceability of this Agreement.  However, the preceding sentence shall not apply to the "Class Action Waiver" described in Section 3 below.  Regardless of anything else in this Agreement and/or the American Arbitration Association ("AAA") rules or procedures, any dispute relating to the interpretation, applicability, or enforceability of the Class Action Waiver, or any dispute otherwise relating to whether this Agreement precludes a class or collective action proceeding, may only be determined by a court and not an arbitrator.

**2. Limitations on How This Agreement Applies**

This Agreement does not apply to claims for workers compensation, state disability insurance and unemployment insurance benefits; however, it does apply to retaliation claims based upon seeking such benefits.

Nothing in this Agreement prevents the making of a report to or filing a claim or charge with a government agency, including without limitation the Equal Employment Opportunity Commission, U.S. Department of Labor, Securities and Exchange Commission, Occupational Health and Safety Administration, National Labor Relations Board, or Office of Federal Contract Compliance Programs. Nothing in this Agreement prevents the investigation by a government agency of any report, claim or charge otherwise covered by this Agreement.  This Agreement also does not prevent federal administrative agencies from adjudicating claims and awarding remedies based on those claims, even if the claims would otherwise be covered by this Agreement.  Nothing in this Agreement prevents or excuses a party from satisfying any conditions precedent and/or exhausting administrative remedies under applicable law before bringing a claim in Arbitration.  Nothing in this Agreement shall be construed to prevent or excuse Employee or Company from utilizing the Company's existing internal procedures for resolution of complaints, and this Agreement is not intended to be a substitute for the utilization of such procedures.

Disputes that may not be subject to a pre-dispute arbitration agreement as provided by the Dodd-Frank Wall Street Reform and Consumer Protection Act (Public Law 111-203) or any applicable federal statute are excluded from the coverage of this Agreement.  Additionally, both Employee and Company may apply to a court of competent jurisdiction for temporary or preliminary injunctive relief in connection with an arbitrable controversy; however, all determinations of final relief shall be decided in arbitration.

**3.  Class Action Waiver**

Employee and Company agree to bring any covered claim or dispute in arbitration only, and not as a class or collective action; Employee and Company waive any right for a dispute or claim to be brought, heard, or decided as a class or collective action, and the Arbitrator has no power or authority to preside over a class or collective action ("Class Action Waiver").

In the event a final judicial determination is made that the Class Action Waiver is unenforceable and that a class or collective action may proceed notwithstanding the existence of this Agreement, the Arbitrator is nevertheless without authority to preside over a class or collective action and any class or collective action must be brought in a court of competent jurisdiction.

### 4.  Selecting the Arbitrator

The Arbitrator shall be selected by mutual agreement of the Company and the Employee.  Unless the Employee and Company mutually agree otherwise, the Arbitrator shall be an attorney licensed to practice in the state where the arbitration proceeding will be conducted or a retired federal or state judge.  In the event the parties cannot agree to an arbitrator, they shall proceed to arbitration before a single arbitrator under the AAA and the then current AAA Employment Arbitration Rules (the AAA Rules are available through Company's Human Resources Department or the AAA's website (www.adr.org)), provided, however, that if there is a conflict between the AAA Rules and this Agreement, this Agreement shall govern.  If the parties proceed to arbitration under the AAA, the Arbitrator shall be selected as follows: AAA shall give each party a list of seven (7) arbitrators drawn from its panel of arbitrators.  Each party shall have ten (10) calendar days to strike all names on the list he/she/it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately, with the claimant striking first, until only one remains and that person shall be designated as the Arbitrator. If no common name remains on the lists of all parties, AAA shall furnish an additional list of seven (7) arbitrators from which the parties shall strike alternately until only one name remains, with the party to strike first determined by a coin toss. That person shall be designated as the Arbitrator. If a person selected cannot serve, the selection process shall be repeated.

### 5. Starting the Arbitration

All claims in arbitration are subject to the same statutes of limitation (deadline for filing a claim) that would apply in court. The party bringing the claim must demand arbitration in writing and deliver the written demand by hand or first class mail to the other party within the applicable statute of limitations period. The demand for arbitration shall include identification of the parties, a statement of the legal and factual basis of the claim(s), and a specification of the remedy sought. Any demand for arbitration made to the Company shall be provided to the Company's Business Office at 2204 Kausen Dr., #100, Elk Grove, CA. 95758. Any demand for arbitration made to Employee shall be sent to the last home address Employee provided to the Company. The arbitrator shall resolve all disputes regarding the timeliness or propriety of the demand for arbitration.

### 6. Rules/Standards for the Arbitration

The Arbitrator may award any remedy available under applicable law, but remedies shall be limited to those that would be available to a party in their individual capacity for the claims presented to the Arbitrator.  The Arbitrator shall apply the substantive federal, state, or local law applicable to the claims asserted.  The location of the arbitration proceeding shall be in the county where Employee currently works or last worked for Company, unless each party agrees otherwise.  The Arbitrator has the authority to entertain a motion to dismiss and/or a motion for summary judgment and shall apply the standards for such motions under the Federal Rules of Civil Procedure.  The Federal Rules of Evidence shall apply to the proceeding.  The Arbitrator will issue a decision or award in writing, stating the essential findings of fact and conclusions of law.  A court of competent jurisdiction shall have the authority to enter judgment upon the

Arbitrator's decision/award.

The parties have the right to conduct discovery and present witnesses and evidence as needed to present their cases and defenses, and any dispute in this regard shall be decided by the Arbitrator. Each party shall have the right to subpoena witnesses and documents, including documents relevant to the case from third parties.  Each party shall have the right to take the deposition of two (2) individual fact witnesses and any expert witness designated by another party.  Each party shall have the right to propound one (1) set of written interrogatories (not to exceed fifteen (15)) and one (1) set of request for production of documents (not to exceed twenty-five (25)) to any party.  Each party can request that the Arbitrator allow additional discovery, and additional discovery may be conducted by agreement or as ordered by the Arbitrator.   At least thirty days before the final hearing, the parties must exchange a list of witnesses and copies of all exhibits to be used at the hearing.

### 7. Paying For the Arbitration

Each party will pay the fees for his, her or its own attorneys, subject to any remedies to which that party may later be entitled under applicable law. Unless otherwise prohibited by law, the claimant shall be responsible for paying an initial filing fee of $200 or an amount equal to the applicable filing fee had the claim been brought in a court of law, whichever is less.  In all cases where required by law, the Company will pay the Arbitrator's fees and any fees for administering the arbitration, and any disputes in that regard will be resolved by the Arbitrator.

### 8. An Employee's Right to Opt Out Of Arbitration

**Arbitration is not a mandatory condition of Employee's employment at the Company, and therefore an Employee may submit a form stating that the Employee wishes to opt out and not be subject to this Agreement.** Employee must submit a signed and dated statement on a "Dispute Resolution Agreement Opt Out Form" ("Form") that can be obtained from the Company's Business Office, 2204 Kausen Dr., #100, Elk Grove, CA 95758, 916-686-3700. In order to be effective, the signed and dated Form must be returned to the Business Office within 30 days of the Employee's receipt of this Agreement. If Employee timely opts out as provided in this paragraph, he/she will not be subject to any adverse employment action as a consequence of that decision and neither Employee nor Company will be bound by this Agreement. Should an Employee not opt out of this Agreement within 30 days of Employee's receipt of this Agreement, continuing Employee's employment constitutes mutual acceptance of the terms of this Agreement by Employee and Company and both Employee and Company will be required to arbitrate all claims and disputes covered by this Agreement in accordance with its terms. Employee has the right to consult with counsel of the Employee's choice concerning this Agreement.

### 9. Non-Retaliation

It is against Company policy for any Employee to be subject to retaliation if he or she exercises his or her right to assert claims under this Agreement. If any Employee believes that he or she has been retaliated against by anyone at the Company, the Employee should immediately report this to the Human Resources Director.

**10. Enforcement of This Agreement**

This Agreement is the full and complete agreement relating to the formal resolution of disputes covered by this Agreement. Except as stated in Section 3 above, in the event any portion of this Agreement is deemed unenforceable, the unenforceable language will be severed from the Agreement and the remainder of this Agreement will be enforceable. If the Class Action Waiver is deemed to be unenforceable, the Company and Employee agree that this Agreement is otherwise silent as to any party's ability to bring a class or collective action in arbitration. Subject to Section 8 above, this Agreement may not be modified or terminated absent a writing signed by both parties.

I ACKNOWLEDGE AND AGREE THAT, IF I DO NOT OPT-OUT OF THIS AGREEMENT IN ACCORDANCE WITH SECTION 8 ABOVE, I WILL BE BOUND BY THIS ARBITRATION AGREEMENT WHICH REQUIRES THAT COVERED DISPUTES BE RESOLVED BY FINAL AND BINDING ARBITRATION IN ACCORDANCE WITH THE TERMS OF THIS AGREEMENT AND I UNDERSTAND THAT I AM WAIVING MY RIGHT TO A JURY TRIAL AND I AGREE TO WAIVE THIS RIGHT.

I ACKNOWLEDGE AND AGREE THAT I: (A) HAVE HAD SUFFICIENT OPPORTUNITY TO REVIEW THIS AGREEMENT, (B) HAVE IN FACT READ AND UNDERSTOOD THIS AGREEMENT, (C) ENTER INTO THIS AGREEMENT KNOWINGLY AND VOLUNTARILY AND OF MY OWN CHOOSING WITHOUT COERCION OR THREATS OF ANY SORT, AND (D) DID NOT RELY, AND HAVE NOT RELIED, ON ANY FACT, REPRESENTATION, STATEMENT OR ASSUMPTION OTHER THAN THOSE SPECIFICALLY SET FORTH IN THIS AGREEMENT.

_____    _____
Employee's Signature              Employee's Position


_____    Dated: _____
Employee's Name (Please Print)

O.C. Communications, Inc.

By: _*[signature]*_____
    Craig Freeman, President

Firmwide:148149958.1 035004.1000