UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

DESIDERO SOTO, ET AL.,
       Plaintiffs,
    v.

O.C. COMMUNICATIONS, INC., et al.,
       Defendants.

Case No. 17-cv-00251-VC

**ORDER RE MOTIONS TO COMPEL ARBITRATION**

Re: Dkt. Nos. 259, 261

       The claims of the plaintiffs whose employment is covered by the 2013, 2015, and 2017 agreements are compelled to arbitration. Both O.C. Communications and Comcast are entitled to compel arbitration with these plaintiffs.

       The plaintiffs argue that OCC waived the right to compel arbitration because it did not seek to stay the case while the Supreme Court considered *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018). Although the right to compel arbitration can be waived, "any party arguing waiver of arbitration bears a heavy burden of proof." *Martin v. Yasuda*, 829 F.3d 1118, 1124 (9th Cir. 2016) (quoting *Fisher v. A.G. Becker Paribas Inc.*, 791 F.2d 691, 694 (9th Cir. 1986)). To establish waiver, the plaintiffs must prove: (1) OCC had "knowledge of an existing right to compel arbitration;" (2) OCC "act[ed] inconsistent with that existing right; and (3) this prejudiced the plaintiffs. *Id.* The plaintiffs make a strong case on the second and third factors, but they ultimately lose on the first: The defendants did not have an "existing" right to compel individual arbitration until the Supreme Court decided *Epic Systems*. 138 S. Ct. at 1619. Before then, the Ninth Circuit rule was that the National Labor Relations Act forbade employers from requiring workers to sign away their rights to seek concerted legal claims regarding employment conditions. *Morris v. Ernst & Young, LLP*, 834 F.3d 975, 990 (9th Cir. 2016), *overruled by Epic*

*Systems*, 138 S. Ct. at 1632. Under that rule, a motion to compel individual arbitration in this case would have been futile.

It's true, as the plaintiffs point out, that diligent lawyers throughout the circuit filed requests to stay employment lawsuits while *Epic Systems* was pending. And many such requests were granted. *See* Plaintiffs' Letter Brief, Dkt. No. 269; *see, e.g.*, *Rowland v. CarMax Auto Superstores California, LLC*, No. 2:16-cv-02135-VGC, 2017 WL 527900 (E.D. Cal. Feb. 8, 2017). Had OCC sought a stay here, and had the request been granted, this would have saved OCC and the plaintiffs precious time and resources. Perhaps it would be appropriate to sanction OCC and its lawyers for putting the plaintiffs through this trouble, particularly given the intransigent conduct of OCC and its lawyers during discovery. But on the issue of waiver, the Ninth Circuit rule requires that the defendant have knowledge of an "existing" right, not an impending one. Nor, to the extent this is relevant, did OCC have knowledge of an existing right to a stay pending the Supreme Court's decision.

As for Comcast, it is a third-party beneficiary of the 2015 and 2017 agreements, so it may compel arbitration with the plaintiffs covered by those agreements. *See Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013) (recognizing arbitration agreements can be enforced by third-party beneficiaries under California law). It may also compel arbitration with the plaintiffs covered by the 2013 agreement. Although Comcast is not a third-party beneficiary of that agreement, the entire basis for the plaintiffs' claims against Comcast is that OCC is its agent. If that's not true, it means there is no claim against Comcast. If it is true, it means Comcast may enforce the arbitration agreement under the agency exception. *See Garcia v. Pexco, LLC*, 11 Cal. App. 5th 782, 788 (2017).

The parties' briefing regarding the 2004 agreement is inadequate to reach a decision about whether the plaintiffs covered by that agreement should be compelled to arbitration. For example, the parties do not address the argument that OCC's right to compel arbitration under that agreement was not affected by the *Epic Systems* decision and was therefore waived. There's a possibility that the Supreme Court's pending decision in *Lamps Plus, Inc. v. Varela*, 138 S. Ct.

1697 (2018), will shed light on how the agreement should be construed regarding collective action arbitration, but the parties have not adequately discussed this issue. For its part, Comcast, as an agent of OCC, would presumably be stuck with OCC's waiver of its rights to compel under the 2004 Agreement unless it can establish an independent right to enforce the agreement on an equitable estoppel theory. Comcast may have such an argument in light of *Garcia*, but there is some doubt that the California Supreme Court would uphold that aspect of the *Garcia* ruling.[1] *See* 11 Cal. App. 5th at 787-88. Because these issues have not been adequately addressed, the motion to compel arbitration as to these plaintiffs is denied, without prejudice to filing a renewed motion to compel.

The defendants' motion to stay the PAGA claims is denied for the reasons stated on the record.

A further case management conference is scheduled for January 15, 2019. A Case Management Statement is due by January 8, 2019.

**IT IS SO ORDERED.**
sDated: November 21, 2018

VINCE CHHABRIA
United States District Judge

---

[1] *Garcia*'s interpretation of the equitable estoppel exception may be inconsistent with traditional notions of equitable estoppel and other California Court of Appeal cases. *See Jones v. Jacobson*, 195 Cal. App. 4th 1, 20 (2011) ("[T]he very purposes of the doctrine [are] to prevent a party from using the terms or obligations of an agreement as the basis of his claims against a nonsignatory, while at the same time refusing to arbitrate with the nonsignatory under another clause of the same agreement."); *Goldman v. KPMG LLP*, 173 Cal. App. 4th 209, 229-30 (2009) ("[E]quitable estoppel applies only if the plaintiffs' claims against the nonsignatory are dependent upon, or inextricably bound up with, the obligations imposed by the contract plaintiff has signed with the signatory defendant."). *Garcia* also may erroneously equate the standard for arbitrability with the standard for determining whether a plaintiff's claims are sufficiently bound up with the contract to warrant application of equitable estoppel. *See Garcia*, 11 Cal. App. 5th at 786.