UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIDERO SOTO, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>O.C. COMMUNICATIONS, INC., et al.,<br><br>        Defendants. | Case No. 17-cv-00251-VC<br><br>**ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT**<br><br>Re: Dkt. No. 284 |

       The motion for preliminary approval is denied. This is so for at least three reasons, all of which seem to be common problems with wage and hour settlements – particularly those involving both state law claims and FLSA claims – brought on behalf of workers in multiple states.

       1. The settlement group includes a class of California workers, a class of Washington workers, and a collective of workers who are covered by the FLSA. This FLSA group includes workers from California and Washington (so those people are members of both a state law class and the FLSA collective). But the FLSA group also includes workers from other states, and no state law claims are being asserted on behalf of those workers. The members of the California and Washington classes are, under the settlement agreement, entitled to triple the recovery per week of work performed as the members of the FLSA collective. But this would only make sense if the FLSA collective members from the other states were not leaving money on the table that could be recovered through state law claims. Counsel for the plaintiffs have provided no analysis of what those workers could potentially recover under state law, leaving the Court to

guess whether the FLSA collective members from other states are being shortchanged.[1]

2. Nor have Counsel for the plaintiffs offered any meaningful explanation for the decision to give workers from Washington the same recovery per week of work as the workers from California. At least at first glance, it appears California law entitles workers to a greater recovery for the violations than Washington law does. Without a clear explanation and careful analysis of the differences in potential recovery between the California and Washington workers, the Court cannot approve this aspect of the allocation.

3. This is a case in which the alleged wage and hour violations appear to have substantial merit. They also appear to be systemic. In such cases, although a substantial discount may still occasionally be justified, it's difficult for a court to swallow such a discount without at least receiving some assurance – perhaps through a prospective relief provision in the settlement agreement or perhaps through an explanation of how the defendant's practices have changed – that the violations are not likely to recur. The motion for preliminary approval in this case contains no such assurance.

**IT IS SO ORDERED.**

Dated: April 1, 2019

VINCE CHHABRIA
United States District Judge

---

[1] It's not clear from the papers whether the parties intended for the FLSA collective members to release their state law claims as a condition of cashing their settlement checks. If so, the allocation seems per se inappropriate, at least insofar as those workers would be able to recover more through state law claims. If not, then at an absolute minimum, any FLSA collective member would need to be clearly notified that they are not releasing state law claims and that there may be a greater recovery under those claims (although one could imagine arguments that even such a notice would not justify such a disparity between the class members and the FLSA collective members, given the remote possibility that the collective members would ever pursue separate state law claims).