# EXHIBIT 1

Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

Shanon J. Carson (*pro hac vice*)
Sarah R. Schalman-Bergen (*pro hac vice*)
Neil K. Makhija (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604
scarson@bm.net
sschalmanbergen@bm.net
nmakhija@bm.net

Attorneys for Plaintiffs, the Collective and
Putative Classes

Barbara A. Blackburn (SBN 253731)
Jeffrey J. Mann (SBN 253440)
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California  95814
Telephone: (916) 830-7200
Facsimile: (916) 561-0828
bblackburn@littler.com
jmann@littler.com

Attorneys for Defendant O.C. Communications,
Inc.

Daryl S. Landy (SBN 136288)
MORGAN, LEWIS & BOCKIUS LLP.
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626
Tel: (714) 830-0600
Fax: (714) 830-0700
daryl.landy@morganlewis.com

Andrew P. Frederick (SBN 284832)
Aleksandr Markelov (SBN 319235)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:   +1.650.843.4001
andrew.frederick@morganlewis.com
aleksandr.markelov@morganlewis.com

Attorneys for Defendants Comcast Corporation,
Inc. and Comcast Cable Communications
Management, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIDERO SOTO, STEVEN STRICKLEN, STEEVE FONDROSE, LORENZO ORTEGA, and JOSE ANTONIO FARIAS, JR., on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br> vs. <br> O.C. COMMUNICATIONS, INC, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC; <br><br> Defendants | Case No.: 3:17-cv-00251-VC <br><br> **CLASS ACTION SETTLEMENT AGREEMENT** |

## CLASS ACTION SETTLEMENT AGREEMENT

1.    This Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") is entered into between Plaintiffs Desidero Soto, Steven Stricklen, Steeve Fondrose, Lorenzo Ortega, and Jose Antonio Farias, Jr. (collectively, the "Named Plaintiffs"), individually and on behalf of all other similarly-situated persons, and Defendants O.C. Communications, Inc. ("OCC") and Comcast Cable Communications Management, LLC ("Comcast").

## DEFINITIONS

2.    The following terms used in this Settlement Agreement shall have the meanings ascribed to them below:

a.    "Action" means the above captioned Action.

b.    "Class Counsel" means Schneider Wallace Cottrell Konecky Wotkins LLP and Berger Montague PC.

c.    "Technicians" means all individuals who are or were employed by OCC as non-exempt employees and provided services, including, but not limited to, services such as installing cable, television, security, and phone systems, in commercial and residential settings.

d.    The "California Class" or "Members of the California Class" means all Technicians who are or were employed by OCC in the State of California at any time from January 18, 2013 through December 21, 2018, and who do not validly exclude themselves from this settlement.

e.    The "Washington Class" or "Members of the Washington Class" means all Technicians who are or were employed by OCC in the State of Washington from March 13, 2015 through December 21, 2018, and who do not validly exclude themselves from this settlement.

f.    The "Collective" or "Collective Members" is a certified collective action for settlement purposes only pursuant to 29 U.S.C. § 216(b), which includes all Opt-In Plaintiffs who are or were employed by OCC at any time from and including January 18, 2014 through December 21, 2018. There are 1,018 Opt-In Plaintiffs.

g.    The following individuals are "Settlement Class Members":

i.   Members of the California Class;

ii.  Members of the Washington Class;

iii. Collective Members; and

iv.  The Named Plaintiffs.

OCC represents there are approximately 4,500 Settlement Class Members. Plaintiffs have relied on this number in agreeing to the Settlement.

        h.     "Court" means the United States District Court for the Northern District of California.

        i.     "Defendants" means O.C. Communications, Inc. ("OCC"), Comcast Corporation, and Comcast Cable Communications Management, LLC ("Comcast").

        j.     "Parties" means the parties to this Agreement: Named Plaintiffs, OCC, and Comcast.

        k.     "Defendants' Counsel" means Littler Mendelson, P.C. and Morgan Lewis & Bockius LLP for OCC and Comcast, respectively.

        l.     "Settlement Administrator" means CPT Group, Inc..

        m.     "Settlement Notice" means the Notice of Class Action Settlement to the Settlement Class substantially in the form as Exhibit A attached hereto or as approved by the Court.

        n.     "Gross Settlement Amount" means the non-reversionary maximum amount that OCC shall pay in connection with this Settlement, in exchange for the release of the Settlement Class Members' Released Claims. The Gross Settlement Amount is the gross sum of Seven Million Five Hundred Thousand Dollars ($7,500,000). The Gross Settlement Amount includes: (a) all Settlement Awards to Settlement Class Members; (b) civil penalties under the Private Attorneys' General Act ("PAGA"); (c) the Class Representative Enhancement Payments; (d) Attorneys' Fees and Costs to Class Counsel, and (e) Settlement Administration Costs to the Settlement Administrator. Except for the employer OCC's portion of payroll taxes on Settlement Awards to Eligible Class Members ("OCC's Payroll Taxes"), the Parties agree that Defendants will have no obligation to pay any amount in connection with this Settlement Agreement apart from the Gross Settlement Amount. There will be no reversion.

        o.     "Settlement Award" means the payment that each Settlement Class Member shall be entitled to receive pursuant to the terms of this Agreement.

        p.     "Fee Award" means the award of attorneys' fees that the Court authorizes to be paid to Class Counsel for the services they rendered to Named Plaintiffs, Opt-In Plaintiffs, and the Settlement Class in the Action. Class Counsel will not seek more than thirty-three and one-third percent of the Gross Settlement Amount as their Fee Award.

        q.     "Class Counsels' Costs" refers to out-of-pocket costs incurred by Class Counsel, which currently are estimated to be $180,000.

        r.     "Qualified Settlement Fund" means a qualified settlement fund under Section 468B of the Internal Revenue Code established by the Settlement Administrator for the purpose of administering this Settlement.

s.    "Settlement Administrator Costs" refer to the costs the Settlement Administrator will incur to distribute the Settlement Notice and Settlement Awards, which are estimated to be Forty Thousand Dollars ($40,000).

t.    "Service Award" means the payment to Named Plaintiffs for their efforts in bringing and prosecuting this matter. The Service Award will not exceed the following amounts: Fifteen Thousand Dollars ($15,000.00) for Plaintiff Desidero Soto and Ten Thousand Dollars ($10,000.00) for Plaintiffs Steven Stricklen, Steeve Fondrose, Lorenzo Ortega, and Jose Antonio Farias, Jr.

u.    "Net Settlement Amount" means the Gross Settlement Amount less: (i) Service Awards; (ii) Fee Awards; (iii) Class Counsels' Costs; (iv) Settlement Administrator Costs; and (v) the payment to the California Labor and Workforce Development Agency ("LWDA") for its share of PAGA penalties. The Parties acknowledge that all of these amounts are subject to the Court's approval.

v.    "Effective Date" means (i) if there is an objection(s) to the settlement that is not subsequently withdrawn, then the date upon the expiration of time for appeal of the Court's Final Approval Order; or (ii) if there is a timely objection(s) and appeal by an objector(s), then after such appeal(s) is dismissed or the Court's Final Approval Order is affirmed on appeal; or (iii) if there are no timely objections to the settlement, or if any objections which were filed are withdrawn before the date of final approval, then the first business day after the Court's order granting Final Approval of the Settlement.

w.    "Final" shall mean, with respect to a judgment or order, that the judgment or order is final and appealable and either (a) no appeal, motion, or petition to review or intervene has been taken with respect to the judgment or order as of the date on which all times to appeal, move, or petition to review or intervene therefrom have expired, or (b) if an appeal, motion or petition to intervene or other review proceeding of the judgment or order has been commenced, such appeal, motion or petition to intervene or other review is finally concluded and no longer is subject to review by any court, whether by appeal, petitions for rehearing or re-argument, petitions for rehearing *en banc*, petitions for writ of certiorari or otherwise, and such appeal or other review has been finally resolved in such manner that affirms the judgment or order in its entirety. Notwithstanding the foregoing, any proceeding, order, or appeal pertaining solely to the award of attorneys' fees, attorneys' costs, or any Service Award shall not by itself in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming "Effective."

x.    "Final Approval" or "Final Approval Order" means the Court's Final Approval Order approving the Settlement and entering judgment.

y.    "Final Approval Hearing" means the hearing to be held by the Court to consider the Final Approval of the Settlement.

z.    "Notice Deadline" means the date sixty (60) days after the Settlement Notice is initially mailed to the Settlement Class. Settlement Class Members shall have until the

Notice Deadline to object to, or opt out of the Settlement.

aa.      "Preliminary Approval" or "Preliminary Approval Order" means the Court's Preliminary Approval Order preliminarily approving the terms and conditions of this Agreement.

bb.      "Releasees" or "Released Parties" means Defendants and their present and former parent companies, subsidiaries, affiliates, divisions, and joint ventures, and all of their past and present shareholders, officers, directors, employees, agents, servants, owners, members, investors, executors, administrators, general partners, limited partners, real or alleged alter egos, predecessors, successors, transferees, assigns, registered representatives, attorneys, insurers, partners, profit sharing, savings, health and other employee benefit plans of any nature, the successors of such plans and those plans' respective trustees, administrators, agents, employees, attorneys, fiduciaries, and other persons acting on their behalf, and each of them, and the predecessors and successors, assigns and legal representatives of all such entities and individuals.

## **RECITALS**

3.      This lawsuit is an action titled *Soto v. O.C. Communications, Inc., et al,* N.D. Cal. Case No: 3:17-cv-00251-VC (the "Action") filed against OCC (and not Comcast) on January 18, 2017.  As set forth below, in or around March 13, 2018, Plaintiffs amended their Complaint and added Comcast as additional defendants to this action.   Plaintiffs allege that Defendants violated the Fair Labor Standards Act, and the wage and hour laws of California and Washington by failing to pay Technicians earned wages and failing to provide legally compliant meal and rest periods. On this basis, plaintiffs brought claims against Defendants for unpaid minimum wages and overtime wages, failure to provide meal and rest periods, inaccurate wage statements, failure to maintain pay records, failure to pay final wages, unfair competition, and civil penalties under the PAGA.

4.      Plaintiffs Desidero Soto and Steven Stricklen initiated the Action on January 18, 2017, asserting claims under California state wage and hour laws and under the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"). Dkt 1. On August 18, 2017, Plaintiffs Soto and Stricklen filed their First Amended Complaint to add an additional representative Plaintiff, Steeve Fondrose, as a party and named plaintiff; add one cause of action for violations of California Labor Code Section 226.2. Dkt 117.

5.      On August 18, 2017, the Court conditionally certified a class of 4,244.  Notice was sent to 4,244 potential collective members, and 1,018 have filed Opt-In Consent Forms to join the case to date. Dkt 127.

6.      On November 6, 2017, Plaintiffs and OCC attended a full day mediation in San Francisco, California with mediator Michael Dickstein.  The parties did not reach a settlement as a result of this mediation.

7.      On March 13, 2018, Plaintiffs Soto, Stricklen, and Fondrose filed their Second Amended Complaint to add an additional representative Plaintiff, Lorenzo Ortega, as a party and

named plaintiff, who asserted Rule 23 claims on behalf of a Washington Class; alleging six causes of action for violations of Washington law based on the same conduct already at issue; and added Comcast Corporation and Comcast Cable Communications Management, LLC as Defendants. Defendants filed Answers on April 6, 2018 and April 26, 2018 denying Plaintiffs' allegations. Dkts 245, 249.

8.    On May 5, 2018, Plaintiffs filed their operative Third Amended Complaint to add Plaintiff Jose Antonio Farias, Jr. as a party and named plaintiff and assert Plaintiffs' PAGA claims against Comcast with Plaintiff Farias as the representative PAGA plaintiff.

9.    On August 23, 2018, Defendants filed motions to compel arbitration. Dkts 259-261. After supplemental briefing on the issue of waiver, the Court ultimately granted these motions to compel to arbitration the claims of all Named Plaintiffs and over 990 Opt-In Plaintiffs, while denying in part the motions only and without prejudice in regard to PAGA claims and the claims of eight Opt-In plaintiffs who signed a 2004 arbitration agreement.  Dkt 272.

10.    On October 18, 2018, the Parties conducted a full day mediation session in Oakland, California before employment mediator Jeffrey A. Ross.  The Parties did not reach a settlement at the mediation, but continued to engage in arms' length negotiations with the assistance of the mediator over the course of the following months. In December 2018, as a result of the mediation and subsequent negotiations, the Parties agreed to settle the Action.

11.    Class Counsel has made a thorough and independent investigation of the facts and law relating to the allegations in the Action. In agreeing to this Settlement Agreement, Named Plaintiffs have considered: (a) the facts developed during discovery and the Parties' mediation process and the law applicable thereto, including OCC's proffer of complete records of hours and workweeks worked for all putative class members; (b) the attendant risks of continued litigation and the uncertainty of the outcome of the claims alleged against Defendants; and (c) the desirability of consummating this Settlement according to the terms of this Settlement Agreement. Named Plaintiffs have concluded that the terms of this Settlement are fair, reasonable and adequate, and that it is in the best interests of Named Plaintiffs, the Opt-In Plaintiffs and the Settlement Class (as defined above) to settle their claims against Defendants pursuant to the terms set forth herein.

12.    Defendants deny the allegations in the Action and deny any and all liability, including any liability for alleged failure to pay overtime compensation or any alleged wage payment, wage and hour or similar violation.  Comcast further denies that it is the joint employer of Plaintiffs or other Technicians. This Settlement Agreement shall not be construed as an admission by Defendants or any of the Releasees (as defined above) of any fault, liability or wrongdoing, which Defendants expressly deny.

13.    The Parties recognize that notice to the Settlement Class of the material terms of this Settlement, as well as Court approval of this Settlement, are required to effectuate the Settlement, and that the Settlement will not become operative until the Court grants final approval of it, Settlement becomes Final and the Settlement Effective Date occurs.

14.     The Parties stipulate and agree that, for settlement purposes only, the requisites for establishing collective action certification under the FLSA pursuant to 29 U.S.C. § 216(b), and class certification pursuant to FED. R. CIV. P. 23(a) and (b)(3) are met. Should this Settlement not become Final, such stipulation to certification shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not collective or class certification would be appropriate in a non-settlement context. Defendants deny that class and/or collective action treatment is appropriate in the litigation context or for trial.

15.     In consideration of the foregoing and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by each party to the other, IT IS HEREBY AGREED, by and between the undersigned, subject to the final approval of the Court and the other conditions set forth herein, that Named Plaintiffs', Opt-In Plaintiffs' and the Settlement Class Members' claims as described herein against Defendants shall be settled, compromised and dismissed, on the merits and with prejudice, and that the Settlement Class Members' Released Claims shall be finally and fully compromised, settled and dismissed as to the Defendants and Releasees, in the manner and upon the terms and conditions set forth below.

## RELEASES

16.     In exchange for the consideration set forth in this Settlement Agreement, Named Plaintiffs and Settlement Class Members agree to release all claims as set forth herein as applicable.

17.     **Settlement Members' Released Claims.** Upon Final Approval of the Settlement Agreement, Named Plaintiffs and all Settlement Class Members shall and hereby do release and discharge all Releasees, finally, forever and with prejudice, from any and all claims, obligations, demands, actions, rights, causes of action and liabilities, whether known or unknown, against Releasees that were or could have been asserted in the operative Third Amended Complaint based on the facts alleged concerning the alleged failure to provide meal and rest breaks, failure to compensate for all hours worked, failure to pay minimum, straight time, overtime, and double time wages or any other form of compensation, failure to pay all wages due upon termination, failure to provide timely and compliant itemized wage statements, failure to properly compensate piece-rate workers for rest and recovery periods and other nonproductive time, failure to maintain accurate records, failure to reimburse for necessary business expenses, engaging in unfair and unlawful business practices, statutory and civil penalties that accrued or accrue through December 21, 2018, whether based on California's Wage Orders, the California Labor Code, including, but not limited to, Sections 201, 202, 203, 204, 221, 223, 226, 226.2, 226.7, 510, 512, 558, 1174, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and 2698 *et seq.* ("PAGA"), the California Business & Professions Code §§ 17200 *et seq.*, the Washington Minimum Wage Act, the Revised Code of Washington ("RCW"), including, but not limited to, RCW 19.86.090, 49.12.010 49.12.020, 49.12.150, 49.12.170, 49.46.020, 49.46.090, 49.46.130, 49.46.30, 49.48.030, 49.52.050, 49.52.070, the Washington Administrative Code, including, but not limited to, 296-126-002, 296-126-023, and 296-126-092, the Washington Consumer Protection Act, any other source of federal law or law in California or Washington, including local laws, other penalties, related tort, contract, liquidated, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.  In addition,

upon Final Approval, the Named Plaintiffs and Collective Members shall be deemed to have released their claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, including but not limited to, Sections 206, 207, 211, and 216 ("FLSA claims"), against OCC, Comcast, and Releasees through December 21, 2018. As to other Settlement Class Members, only those who cash or deposit their Settlement Award check shall become Collective Members and release their FLSA claims against OCC, Comcast, and Releasees through December 21, 2018. Release of the Settlement Class Members' Released Claims may not be used to assert waiver of FLSA claims or other claims not included in the Settlement Class Members' Released Claims with respect to individuals who did not specifically release those FLSA or other claims in this Agreement.

18. **Releases of PAGA Claims**. The release period for PAGA claims runs from November 14, 2015 through December 21, 2018.

19. **Release Language on Settlement Checks.** The Settlement Administrator shall include the following release language on the back of each Settlement Award check, as appropriate for (a) Named Plaintiffs and Collective Members and (b) other Settlement Class Members::

(a) <u>For Named Plaintiffs and Collective Members:</u> "This check is your settlement payment in connection with the court-approved class action Settlement in *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3-17-cv-00251-VC (N.D. Cal.). By you having consented to join the Collective Action, and the court having approved a Settlement, you have released OCC, Comcast, and other Releasees of all Settlement Class Members' Released Claims as defined in the Settlement Agreement, including claims under the Fair Labor Standards Act."

(b) <u>Other Settlement Class Members</u>: "This check is your settlement payment in connection with the court-approved class action Settlement in *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3-17-cv-00251-VC (N.D. Cal.). By not opting out of the Settlement, you have released OCC, Comcast, and other Releasees of all Settlement Class Members' Released Claims as defined in the Settlement Agreement, except for claims under the Fair Labor Standards Act ("FLSA"). By signing or cashing your check, you consent to join the Collective Action and affirm your release of FLSA claims against Releasees."

20. **Named Plaintiffs' Released Claims.** Named Plaintiffs' Released Claims means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against the Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law, or other source of law or contract, whether known or unknown, and whether anticipated or unanticipated, including all unknown claims covered by California Civil Code section 1542 that could be or are asserted based upon any theory or facts whatsoever, arising at any time up to and including the date of the execution of this Settlement Agreement, for any type of relief, including, without limitation, claims for minimum, straight time, or overtime wages, premium pay, business expenses, other damages, penalties (including, but not limited to, waiting

time penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief. The Named Plaintiffs' Released Claims include, but are not limited to, the Settlement Class Members' Released Claims, as well as any other claims under any provision of federal, state, or local law, including the FLSA, the California Labor Code, California Wage Orders, the Washington Minimum Wage Act, the Revised Code of Washington, the Washington Administrative Code, and the Washington Consumer Protection Act. Upon Final Approval, Named Plaintiffs shall be deemed to have fully, finally, and forever released Releasees from all Named Plaintiffs' Released Claims through the date of Preliminary Approval. Furthermore, upon Final Approval, Named Plaintiffs shall be deemed to have expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits they may otherwise have had relating to the Named Plaintiffs' Released Claims pursuant to Section 1542 of the California Civil Code, which provides as follows:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

21.     Named Plaintiffs, Opt-In Plaintiffs and Settlement Class Members, to the fullest extent allowed by law, are prohibited from asserting any claims released by them in this Settlement, and from commencing, joining in, prosecuting, or voluntarily assisting in a lawsuit or adversarial proceeding against the Releasees, based on claims released by them in this Settlement. Excluded from this prohibition are any instances where any individual is legally compelled to testify through service of a subpoena or other legal process.

## CERTIFICATION, NOTICE, AND SETTLEMENT IMPLEMENTATION

22.     The Parties agree to the following procedures for obtaining Preliminary Approval of the Settlement, certifying the Settlement Class, and notifying the Settlement Class of this Settlement:

a.     **Request for Class Certification and Preliminary Approval Order.** Named Plaintiffs shall file an Unopposed Motion for Preliminary Approval of Settlement Agreement, requesting that the Court certify the Settlement Class pursuant to 29 U.S.C. § 216(b) and FED. R. CIV. P. 23(a) and (b)(3) for the sole purpose of settlement; preliminarily approve the Settlement Agreement and its terms; approve the proposed form of the Settlement Notice and find that the proposed method of disseminating the Settlement Notice meets the requirements of due process and is the best notice practicable under the circumstances; set a date for Named Plaintiffs' motion for Final Approval of the Settlement, and approval of the requested Service Awards, Fee Award, Class Counsel's Costs, and Settlement Administrator's Costs; and set a date for the Final Approval Hearing. Class Counsel shall provide Defendants' Counsel a copy of a draft Unopposed Motion for Preliminary Approval of Settlement Agreement at least five (5) business days in advance of filing it with the Court.

b.     **Notice.** The Settlement Administrator shall be responsible for preparing, printing and mailing the Settlement Notice to all Settlement Class Members. The Settlement

Administrator will also create a website for the Settlement, which will allow Settlement Class Members to view the Class Notice (in generic form), this Class Action Settlement Agreement, and all papers filed by Class Counsel to obtain preliminary and final approval of the Class Action Settlement Agreement. Additionally, the Settlement website will provide contact information for Class Counsel and the Settlement Administrator. The Settlement Administrator will provide Class Counsel and Defendants' counsel with a preview of the proposed website. Class Counsel and Defendants' counsel must approve the website before it goes live and also must approve any modifications to the website. The Settlement Administrator shall also create a toll-free call center to field telephone inquiries from Settlement Class Members during the notice and settlement administration periods. The Settlement Administrator will be directed to take the website and call center down after the 180-day check cashing period for Settlement Award Checks.

       c.    Within ten (10) business days after the Court's Preliminary Approval of the Settlement, OCC shall provide to the Settlement Administrator an electronic database containing the names, last known addresses, last known telephone numbers (if any), last known email addresses (if any), social security numbers or tax ID numbers of each Settlement Class Member, along with the total number of workweeks that each Settlement Class Member worked as a Technician for OCC beginning from the longest applicable statute of limitations (inclusive of any earlier tolling periods agreed upon in the Action) for all states in which a Settlement Class Member worked (dating back from January 18, 2014 for California Class Members and from March 13, 2015 for Washington Class members, or three years prior to the Opt-In Date for Opt-In Plaintiffs, whichever is earliest) through December 21, 2018.  Also, within ten (10) business days after the date of Preliminary Approval, OCC shall provide to Class Counsel a list with the names of Settlement Class Members and the total number of workweeks that each Settlement Class Member worked as provided above.  Class Counsel has requested this information for the stated purpose of assisting with the administration of the Settlement, including fielding questions from Settlement Class Members. Class Counsel agrees that they will use this information solely for the purpose of Settlement administration. Class Counsel shall provide the Settlement Administrator with updated addresses or contact information for Opt-In Plaintiffs in their possession.

       d.    In order to provide the best notice practicable, prior to mailing the Settlement Notice, the Settlement Administrator will take reasonable efforts to identify current addresses via public and proprietary systems.

       e.    Within ten (10) business days after receiving the contact information for the Settlement Class Members, the Settlement Administrator shall mail and email (if email addresses are available) the agreed upon and Court approved Settlement Notice to Settlement Class Members. The Settlement Administrator shall provide notice to Class Counsel and Defendants' Counsel that the Settlement Notice has been mailed.

       f.    Any Settlement Notice returned to the Settlement Administrator with a forwarding address shall be re-mailed within three (3) business days following receipt of the returned mail. If any Settlement Notice is returned to the Settlement Administrator without a forwarding address, the Settlement Administrator shall undertake reasonable efforts to search for the correct address, and shall promptly re-mail the Settlement Notice to any newly found addresses. In no circumstance shall such re-mailing extend the Notice Deadline.

g.     Defendants will not take any adverse action against any current employee on the grounds that he/she is eligible to participate or does participate in the Settlement. Defendants will not discourage participation in this Settlement Agreement or encourage objections or opt-outs.

23.     **Disputes Regarding Workweeks**. To the extent that any Settlement Class Member disputes the number of workweeks that the Settlement Class Member worked, as shown in his or her Settlement Notice, such Settlement Class Members may produce evidence to the Settlement Administrator establishing the dates they contend to have worked for OCC as a Technician. The deadline for Settlement Class Members to submit disputes pursuant to this paragraph is the Notice Deadline (disputes must be postmarked by the Notice Deadline). Unless the Settlement Class Member presents convincing evidence proving he or she worked more workweeks than shown by OCC records, his/her Settlement Award will be determined based on OCC records. The Settlement Administrator shall notify counsel for the Parties of any disputes it receives. OCC shall review its records and provide further information to the Settlement Administrator, as necessary. The Settlement Administrator shall provide a recommendation to counsel for the Parties. Counsel for the Parties shall then meet and confer in an effort to resolve the dispute. If the dispute cannot be resolved by the Parties, it shall be presented to the Court for a resolution. The Settlement Administrator will notify the disputing Settlement Class Member of the decision.

24.     **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, file with the court a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If postmark dates differ, the later of the two postmark dates will control. Persons who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. However, the requirement that the Settlement Class Member submit a written objection may be excused by the Court upon a showing of good cause. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement.

25.     **Requests for Exclusion.** The Settlement Notice shall provide that Settlement Class Members, other than Named Plaintiffs, who wish to exclude themselves from the Settlement ("opt out") must mail to the Settlement Administrator a written statement indicating that they do not

wish to participate or be bound by the Settlement. The written request for exclusion must contain the Settlement Class Member's full name, address, telephone number, email address (if applicable), and last four digits of their social security number, and must be signed individually by the Class Member. No opt-out request may be made on behalf of a group. Such written statement must be postmarked by the Notice Deadline. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to exclude themselves from the settlement.

26.    **Cure Period.** In the event any request for exclusion is timely submitted but does not contain sufficient information to be valid, the Settlement Administrator shall provide the Settlement Class Member, within seven (7) calendar days, a letter requesting the information that was not provided and giving the Settlement Class Member fourteen (14) days from the mailing of such cure letter to respond. Any invalid submission that is not timely cured will be considered a nullity.

27.    **Final Approval Hearing.** Class Counsel shall provide Defendants' Counsel a copy of a draft Unopposed Motion for Final Approval of Settlement Agreement at least five (5) business days in advance of filing it with the Court. Named Plaintiffs shall request that the Court schedule the Final Approval Hearing no earlier than thirty (30) days after the Notice Deadline to determine final approval of the settlement and to enter a Final Approval Order:

a.    certifying this Action and Settlement Class as an FLSA collective action under 29 U.S.C. § 216(b) and as a class action under FED. R. CIV. P. 23(a) and (b)(3) for purposes of settlement only;

b.    finding dissemination of the Settlement Notice was accomplished as directed and met the requirements of due process;

c.    approving the Settlement as final and its terms as a fair, reasonable and adequate;

d.    directing that the Settlement funds be distributed in accordance with the terms of this Settlement Agreement;

e.    directing that the Action be dismissed finally, fully, forever and with prejudice and in full and final discharge of any and all Settlement Class Members' Released Claims; and

f.    retaining continuing jurisdiction over this Action for purposes only of overseeing all settlement administration matters.

## SETTLEMENT FUNDS AND AWARD CALCULATION

28. **Gross Settlement Amount**.

    a. **Funding of Settlement**. Within ten (10) business days after the Effective Date, OCC shall pay the Gross Settlement Amount into the Qualified Settlement Fund. The Gross Settlement Fund is fully non-reversionary.

    b. **Disbursement by Settlement Administrator**. All disbursements shall be made from the Qualified Settlement Fund. The Settlement Administrator shall be the only entity authorized to make withdrawals or payments from the Qualified Settlement Fund.

29. **Payments**. Subject to the Court's Final Approval Order, the following amounts shall be paid by the Settlement Administrator from the Gross Settlement Amount:

    a. **Service Awards to Named Plaintiffs**. Subject to the Court's approval, Plaintiff Desidero Soto shall receive Fifteen Thousand Dollars ($15,000.00) and Named Plaintiffs Steven Stricklen, Steeve Fondrose, Lorenzo Ortega, and Jose Antonio Farias, Jr. shall each receive Ten Thousand Dollars ($10,000.00) for their efforts in bringing and prosecuting this matter. The Qualified Settlement Fund shall issue an IRS Form 1099 for these payments. These payments shall be made within (30) days after the Effective Date or as soon as reasonably practicable. If the Court approves Service Awards in amounts less than what Named Plaintiffs request, the reduction in the Service Award(s) shall not be a basis for nullification of this Settlement. Nor shall a reduction in the Service Award(s) in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming Effective.

    b. **Fee Awards and Costs**.

        (i) Subject to the Court's approval, Class Counsel shall receive a Fee Award in an amount up to thirty-three and one-third percent (33.33%) of the Gross Settlement Amount, which will compensate Class Counsel for all work performed in the Action as of the date of this Settlement Agreement as well as all of the work remaining to be performed, including but not limited to documenting the Settlement, securing Court approval of the Settlement, making sure that the Settlement is fairly administered and implemented, and obtaining final dismissal of the Action. In addition, Class Counsel shall, subject to Court approval, receive reimbursement of Class Counsels' Costs, to be approved by the Court. These payments of attorneys' fees and costs shall be made within thirty (30) days after the Effective Date or as soon as reasonably practicable.

        (ii) The approved Fee Award and Class Counsels' Costs, even if less than what Class Counsel request, shall constitute full satisfaction of Defendants' obligations to pay amounts to any person, attorney or law firm for attorneys' fees or costs in this Action on behalf of Named Plaintiffs, Opt-In Plaintiffs and/or any other Settlement Class Member, and shall relieve Defendants from any other claims or liability to any other attorney or law firm for any attorneys' fees or costs to which any of them may claim to be entitled on behalf of Named Plaintiffs, Opt-In Plaintiffs or any other Settlement Class Member. If the Court approves a Fee Award and/or Class Counsels' Costs in amounts less than what Class Counsel request, the reduction in the Fee Award

and/or Class Counsels' Costs shall not be a basis for nullification of this Settlement. Nor shall a reduction in the Fee Award and/or Class Counsels' Costs in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming Effective.

(iii)    An IRS Form 1099 shall be provided to Class Counsel for the payments made to Class Counsel. Class Counsel shall be solely and legally responsible to pay any and all applicable taxes on the payment made to them.

(iv)    Upon funding of the Gross Settlement Amount, and prior to any payment of the Fee Award to Class Counsel, the Settlement Administrator will deposit a ten (10) percent holdback of the Fee Award into a separate interest-bearing account. The Settlement Administrator will release the ten (10) percent holdback of the Fee Award to Class Counsel as soon as practicable following completion of the distribution process and filing of the Post-Distribution Accounting with the Court.

c.    **Labor and Workforce Development Agency Payment.** Subject to Court approval, the Parties agree that the amount of One Hundred Thousand Dollars ($100,000) from the Gross Settlement Amount will be paid in settlement of all individual and representative claims brought in the Action by or on behalf of Plaintiffs and Class Members and aggrieved parties under the Labor Code Private Attorneys General Act of 2004 (Cal. Lab. Code §§ 2698, et seq., "PAGA"). Pursuant to PAGA, Seventy-Five Percent (75%), or Seventy-Five Thousand Dollars ($75,000), of this sum will be paid to the Labor and Workforce Development Agency ("LWDA") and Twenty-Five Percent (25%), or Twenty-Five Thousand Dollars ($25,000), will remain in the Net Settlement Amount. The payment to the LWDA should be made within thirty (30) days after the Effective Date or as soon as reasonably practicable.

d.    **Settlement Administration Costs.** Settlement Administration costs shall be paid from the Gross Settlement Amount. The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs incurred in the administration of the Settlement.

e.    **Settlement Awards to Eligible Class Members.** Settlement Awards shall be made to Settlement Class Members as set forth below.

30.    **No Claim Based Upon Distributions or Payments in Accordance with this Settlement Agreement.** No person shall have any claim against Defendants, Class Counsel, or Defendants' Counsel based on distributions or payments made in accordance with this Settlement Agreement.

## CALCULATION AND DISTRIBUTION OF SETTLEMENT AWARDS

31.    **Settlement Award Eligibility.** All Settlement Class Members shall be paid a Settlement Award from the Net Settlement Amount.

32.    Any California or Washington Class Member who fails to submit a timely request to exclude themselves from the Settlement by following the procedure set forth in the Settlement

Notice shall automatically be deemed a Settlement Class Member whose rights and claims with respect to the issues raised in the Action are determined by any order the Court enters granting final approval, and any judgment the Court ultimately enters in the Action. Any such Settlement Class Member's rights to pursue any Released Claims (as defined in this Settlement Agreement) will be extinguished. Similarly, any Collective Member's rights to pursue any Released Claims (as defined in this Settlement Agreement) will be extinguished.

33.    The Settlement Administrator shall be responsible for determining the amount of the Settlement Award to be paid to each Settlement Class Member based on the following formula:

a.    Settlement Class Members shall receive a *pro rata* portion of the Net Settlement Amount as follows;

i.    For each week during which the Settlement Class Member worked for OCC at any time from January 18, 2013 for California Class Members and from March 13, 2015 for Washington Class members, or three years prior to the Opt-In Date for Opt-In Plaintiffs, through December 21, 2018, he or she shall be eligible to receive a *pro rata* portion of the Net Settlement Amount based on the number of workweeks the Settlement Class Member worked. Each workweek will be equal to one (1) settlement share. To reflect the increased value of state law claims, workweeks during which work was performed in California or Washington will be equal to three (3) settlement shares.

ii.    The total number of settlement shares for all Settlement Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's Settlement Award.

34.    In addition to other information contained on the Settlement Notice, the Settlement Notice shall state the estimated minimum payment the class member is expected to receive assuming full participation of all Settlement Class Members.

35.    All Settlement Award determinations shall be based on OCC's timekeeping, payroll, and/or HRIS records. If the Parties determine, based upon further review of available data, that a person previously identified as being a Settlement Class Member is not a Settlement Class Member, or an individual who was not previously identified as a Settlement Class Member is in fact a Settlement Class Member but was not so included, the Settlement Administrator shall promptly make such addition or deletion as appropriate.

36.    Fifty percent (50%) of each Settlement Award to Settlement Class Members shall be treated as back wages, and accordingly, on each Settlement Award, the Settlement Administrator shall effectuate federal and applicable state income and employment tax withholding as required by law with respect to 50% of each Settlement Award distributed, and OCC shall pay the employer's share of all required FICA and FUTA taxes on such amounts. The Settlement Administrator shall calculate the employer share of taxes and provide OCC with the total employer tax contributions within five days after the final Settlement Award calculations are

approved. OCC shall deposit the calculated employer tax contributions into the Qualified Settlement Fund within seven days after the Settlement Administrator provides OCC with the amount of the total employer tax contributions due. Amounts withheld will be remitted by the Settlement Administrator from the Qualified Settlement Fund to the appropriate governmental authorities. The remaining 50% of each Settlement Award shall be treated as non-wage penalties and liquidated damages, to be reported on an IRS Form 1099, and shall not be subject to FICA and FUTA withholding taxes. OCC shall cooperate with the Settlement Administrator to provide payroll tax information as necessary to accomplish the income and employment tax withholding on the wage portion of each Settlement Award, and the Form 1099 reporting for the non-wage portion of each Settlement Award.

37.    Class Counsel and Defendants' Counsel do not intend this Settlement Agreement to constitute legal advice relating to the tax liability of any Settlement Class Member. To the extent that this Settlement Agreement, or any of its attachments, is interpreted to contain or constitute advice regarding any federal, state or local tax issue, such advice is not intended or written to be used, and cannot be used, by any person for the purpose of avoiding any tax liability or penalties.

38.    The Settlement Administrator shall provide Class Counsel and Defendants' Counsel with a final report of all Settlement Awards, at least ten (10) business days before the Settlement Awards to Settlement Class Members are mailed.

39.    The Settlement Administrator shall mail all Settlement Awards to Settlement Class Members within thirty (30) days after the Effective Date or as soon as reasonably practicable. The Settlement Administrator shall then provide written certification of mailing to Class Counsel and Defendants' Counsel.

40.    All Settlement Award checks shall remain valid and negotiable for one hundred eighty (180) days from the date of their issuance and may thereafter automatically be canceled if not cashed within that time, at which time the right to recover any Settlement Award will be deemed void and of no further force and effect. With ninety (90) days remaining, a reminder letter will be sent via U.S. mail and email to those who have not yet cashed their settlement check, and during the last sixty (60) days of the check cashing period, a call will be placed to those that have still not cashed their check to remind them to do so. At the conclusion of the 180 day check cashing deadline, any Settlement Class Members who have not cashed their Settlement Award checks shall nevertheless be deemed to have finally and forever released the Named Plaintiffs' Released Claims or Settlement Class Members' Released Claims, as applicable, except that the Settlement Class Member – unless they are a Named Plaintiff and/or Collective Member – shall not release any FLSA claims against Defendants.

41.    **Remaining Monies.** If at the conclusion of the 180-day check void period set forth above, there are any monies remaining, those monies shall be distributed as follows:

a.    If the total residual amount is less than $75,000, then the amount will revert to *cy pres*. The *cy pres* recipient shall be proposed by the parties and approved by the Court. The Parties propose University of California Berkeley's Institute for Research on Labor and Employment which promotes better understanding of the conditions, policies, and institutions that

affect the well-being of workers and their families and communities. The Settlement Administrator shall distribute any *cy pres* payment.

b. If the total residual amount is $75,000 or greater, a second distribution will occur to those Settlement Class Members who cashed their Settlement Award check. The second distribution will occur on a *pro rata* basis as provided for in Paragraph 33. In the event of a redistribution of uncashed check funds to Settlement Class Members who cashed their Settlement Award, the additional settlement administration costs related to the redistribution will be deducted from the total amount of uncashed checks prior to the redistribution.

c. If a check to a Settlement Class Member is returned to the Settlement Administrator as undeliverable during the second distribution, the Settlement Administrator shall promptly attempt to obtain a valid mailing address by performing a skip trace search and, if another address is identified, shall mail the check to the newly identified address. If none is found, then said check shall revert to the *cy pres* recipient.

d. Within 21 days after the distribution of any remaining monies to Settlement Class Members who cashed their Settlement Award check or to the *cy pres* recipient, Plaintiffs will file a Post-Distribution Accounting. The Post-Distribution Accounting will set forth the total settlement fund, the total number of Settlement Class Members, the total number of Settlement Class Members to whom notice was sent and not returned as undeliverable, the number and percentage of opt-outs, the number and percentage of objections, the average and median recovery per claimant, the largest and smallest amounts paid to class members, the method(s) of notice and the method(s) of payment to class members, the number and value of checks not cashed, the amounts distributed to the *cy pres* recipient (if applicable), the administrative costs, the attorneys' fees and costs, the attorneys' fees in terms of percentage of the settlement fund, and the multiplier, if any.

## **MISCELLANEOUS**

42. **Submissions to the LWDA.**  At the same time as they submit this Class Action Settlement Agreement to the Court for Preliminary Approval, Class Counsel shall submit a copy of this Agreement to the LWDA, as required by California Labor Code § 2699(*l*)(2).  Within ten (10) days following the Effective Date, Class Counsel shall submit a copy of the Final Approval Order and Judgment entered by the Court to the LWDA, as required by California Labor Code § 2699(*l*)(3).

43. **No Admission of Liability.** This Settlement Agreement and all related documents are not and shall not be construed as an admission by Defendants or any of the Releasees of any fault or liability or wrongdoing.

44. **Public Comment.**  The Parties and their Counsel agree that they will not issue a press release or hold any press conferences or initiate contact with a member of the press, including on social media, about this case and/or the fact, amount or terms of the Settlement. If the Parties are contacted by the press about the Settlement, they will respond only that the case has been resolved. Nothing in this paragraph shall prevent Class Counsel from communicating with the

Settlement Class Members, the LWDA, the DLSE, or the court in which the Action is pending, as may be required to carry out the terms of this Settlement and/or fulfill their ethical responsibilities under the Settlement and to their respective clients.

45.    **Defendants' Legal Fees.** Defendants' legal fees and expenses in this Action shall be borne by Defendants.

46.    **Nullification of the Settlement Agreement.** In the event: (a) the Court does not preliminarily or finally approve the Settlement as provided herein; or (b) the Settlement does not become Final for any other reason; or (c) the Effective Date does not occur, the Parties agree to engage in follow up negotiations with the intent of resolving the Court's concerns that precluded approval, and if feasible, to resubmit the settlement for approval within thirty (30) days. If the Settlement is not approved as resubmitted or if the Parties are not able to reach another agreement, then either Party may void this Agreement; at that point, the Parties agree that each shall return to their respective positions on the day before this Agreement and that this Agreement shall not be used in evidence or argument in any other aspect of their litigation.

47.    **Defendants' Option to Void Settlement.** If more than ten percent (10%) of the total number of Settlement Class Members submit timely and valid Requests for Exclusion / Opt-Out Requests, then Defendants shall have the option to void the Settlement in their sole discretion. To exercise this option, Defendants must jointly send written notification to Class Counsel within fourteen (14) days of receiving a report from the Settlement Administrator informing Defendants' Counsel that the total number of timely and valid Requests for Exclusion / Opt-Out Requests is more than ten percent (10%). If Defendants choose to exercise this option, the effect will be precisely the same as if Final Judgment did not occur, as discussed herein, and all Settlement Administrator Costs incurred by the Settlement Administrator through that date will be paid by Defendants.

48.    **Reduced Service Awards, Fee Award, or Class Counsels' Costs Not a Basis for Voiding Settlement.** If the Court approves Service Awards, a Fee Award, and/or Class Counsels' Costs in amounts less than what Named Plaintiffs and/or Class Counsel request, the Parties agree that the reduction in the Service Award(s), Fee Award, and/or Class Counsels' Costs will not be a basis for nullification of this Settlement. Nor will a reduction in the Service Awards, Fee Award, or Class Counsels' Cost in any way delay or preclude the judgment from becoming a final judgment or the Settlement from becoming Effective.

49.    **Inadmissibility of Settlement Agreement.** Except for purposes of settling this Action, or enforcing its terms (including that claims were settled and released), resolving an alleged breach, or for resolution of other tax or legal issues arising from a payment under this Settlement Agreement, neither this Agreement, nor its terms, nor any document, statement, proceeding or conduct related to this Agreement, nor any reports or accounts thereof, shall be construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to the Parties, including, without limitation, evidence of a presumption, concession, indication or admission by any of the Parties of any liability, fault, wrongdoing, omission, concession or damage.

50.    **Computation of Time.** For purposes of this Agreement, if the prescribed time period in which to complete any required or permitted action expires on a Saturday, Sunday, or legal holiday (as defined by FED. R. CIV. P. 6(a)(6)), such time period shall be continued to the following business day. The term "days" shall mean calendar days unless otherwise noted.

51.    **Interim Stay of Proceedings.** The Parties agree to hold in abeyance all proceedings in the Action, except such proceedings necessary to implement and complete the Settlement. Further, without further order of the Court, the Parties hereto may agree in writing to reasonable extensions of time to carry out any of the provisions of the Settlement.

52.    **Amendment or Modification.** This Agreement may be amended or modified only by a written instrument signed by counsel for all Parties or their successors in interest. This Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties hereto.

53.    **Entire Settlement Agreement.** This Agreement with exhibits constitutes the entire Agreement among the Parties, and no oral or written representations, warranties or inducements have been made to any Party concerning this Agreement other than the representations, warranties, and covenants contained and memorialized in such documents. All prior or contemporaneous negotiations, memoranda, agreements, understandings, and representations, whether written or oral, are expressly superseded hereby and are of no further force and effect. Each of the Parties acknowledges that they have not relied on any promise, representation or warranty, express or implied, not contained in this Agreement. No rights hereunder may be waived except in writing.

54.    **Authorization to Enter Into Settlement Agreement.** The Parties warrant and represent that they are authorized to enter into this Agreement and to take all appropriate action required or permitted to be taken by such Parties pursuant to this Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Agreement. The Parties and their counsel shall cooperate with each other and use their best efforts to effect the implementation of the Agreement. In the event that the Parties are unable to reach resolution on the form or content of any document needed to implement this Agreement, or on any supplemental provisions or actions that may become necessary to effectuate the terms of this Agreement, the Parties shall seek the assistance of the mediator, Jeffrey A. Ross, to resolve such disagreement.

55.    **Binding on Successors and Assigns.** This Agreement shall be binding upon, and inure to the benefit of Named Plaintiffs, Defendants, Opt-In Plaintiffs, the Settlement Class Members and their heirs, beneficiaries, executors, administrators, successors, transferees, successors, assigns, or any corporation or any entity with which any party may merge, consolidate or reorganize. The Parties hereto represent, covenant and warrant that they have not directly or indirectly assigned, transferred, encumbered or purported to assign, transfer or encumber to any person or entity any portion of any liability, claim, demand, action, cause of action or rights herein released and discharged except as set forth herein.

56.    **Counterparts.** This Agreement may be executed in one or more counterparts, including by facsimile or email. All executed counterparts and each of them shall be deemed to be one and the same instrument. All executed copies of this Agreement, and photocopies thereof

DocuSign Envelope ID: 64632250-653F-4C11-BCC8-F71D05836C92

(including facsimile and/or emailed copies of the signature pages), shall have the same force and effect and shall be as legally binding and enforceable as the original.

57. **No Signature Required by Eligible Class Members.** Only the Named Plaintiffs will be required to execute this Settlement Agreement. The Settlement Notice will advise all Settlement Class Members of the binding nature of the release and such shall have the same force and effect as if this Settlement Agreement were executed by each Settling Class Member.

58. **Cooperation and Drafting.** The Parties have cooperated in the drafting and preparation of this Agreement; hence the drafting of this Agreement shall not be construed against any of the Parties. The Parties agree that the terms and conditions of this Agreement were negotiated at arm's length and in good faith by the Parties, and reflect a settlement that was reached voluntarily based upon adequate information and sufficient discovery and after consultation with experienced legal counsel.

59. **Governing Law.** All terms of this Settlement Agreement and the exhibits hereto shall be governed by and interpreted according to the laws of the State of California.

60. **Jurisdiction of the Court.** The Court shall retain jurisdiction with respect to the interpretation, implementation, and enforcement of the terms of this Settlement and all orders and judgments entered in connection therewith, and the Parties and their Counsel submit to the jurisdiction of the Court for this purpose.

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Settlement Agreement as follows:

**PLAINTIFFS:**

Desidero Soto      Date: Feb 26 , 2019

Steven Stricklen      Date: Feb. 26 , 2019

Steeve Fondrose      Date: Feb. 26 , 2019

Lorenzo Ortega      Date: Feb 26 , 2019

Jose Antonio Farias, Jr.      Date: Feb 26 , 2019

DocuSign Envelope ID: 64632250-653F-4C11-BCC8-F71D05836C92

**APPROVED AS TO FORM BY CLASS COUNSEL:**

Date: 2/26, 2019

Carolyn Hunt Cottrell (sic)
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

Date: 2/26, 2019

Shanon J. Carson
Sarah R. Schalman-Bergen
Neil K. Makhija
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

**DEFENDANT:** _____ Date: _____, 2019
On behalf of O.C. Communications, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____ Date: _____, 2019
Barbara A. Blackburn
Jeffrey J. Mann
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814

---

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: _____, 2019
Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

_____     Date: _____, 2019
Shanon J. Carson
Sarah R. Schalman-Bergen
Neil K. Makhija
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

**DEFENDANT:**    _____     Date: 2/28____, 2019
On behalf of O.C. Communications, Inc.

**APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

_____     Date: 3/01____, 2019
Barbara A. Blackburn
Jeffrey J. Mann
LITTLER MENDELSON, P.C.
500 Capitol Mall
Suite 2000
Sacramento, California 95814

---

CLASS ACTION SETTLEMENT AGREEMENT
*Soto, et al. v. O.C. Communications, Inc, et al.*
20

1    **DEFENDANT:** _____        Date: __2/26__, 2019
                    On behalf of Comcast
2                   Cable Communications Management, LLC

3

4

     **APPROVED AS TO FORM BY COMCAST'S COUNSEL:**
5

6                   _____        Date: _____, 2019

7
                    Daryl S. Landy
8                   MORGAN, LEWIS & BOCKIUS LLP.
                    600 Anton Boulevard, Suite 1800
9                   Costa Mesa, CA 92626

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT:** _____    Date: _____ , 2019

On behalf of Comcast
Cable Communications Management, LLC

**APPROVED AS TO FORM BY COMCAST'S COUNSEL:**

_____    Date: 2 - 26 , 2019

Daryl S. Landy
MORGAN, LEWIS & BOCKIUS LLP.
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626

Carolyn Hunt Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

Shanon J. Carson (*pro hac vice*)
Sarah R. Schalman-Bergen (*pro hac vice*)
Neil K. Makhija (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Tel:  (215) 875-3000
Fax:  (215) 875-4604
scarson@bm.net
sschalmanbergen@bm.net
nmakhija@bm.net

Attorneys for Plaintiffs, the Collective and
Putative Classes

Barbara A. Blackburn (SBN 253731)
Jeffrey J. Mann (SBN 253440)
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, California  95814
Telephone: (916) 830-7200
Facsimile: (916) 561-0828
bblackburn@littler.com
jmann@littler.com

Attorneys for Defendant O.C. Communications,
Inc.

Daryl S. Landy (SBN 136288)
MORGAN, LEWIS & BOCKIUS LLP.
600 Anton Boulevard, Suite 1800
Costa Mesa, CA 92626
Tel: (714) 830-0600
Fax: (714) 830-0700
daryl.landy@morganlewis.com

Andrew P. Frederick (SBN 284832)
Aleksandr Markelov (SBN 319235)
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, CA 94304
Tel:    +1.650.843.4000
Fax:    +1.650.843.4001
andrew.frederick@morganlewis.com
aleksandr.markelov@morganlewis.com

Attorneys for Defendants Comcast Corporation,
Inc. and Comcast Cable Communications
Management, LLC

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESIDERO SOTO, STEVEN STRICKLEN, STEEVE FONDROSE, LORENZO ORTEGA, and JOSE ANTONIO FARIAS, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br>vs.<br>O.C. COMMUNICATIONS, INC, COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC;<br><br>Defendants | Case No.: 3:17-cv-00251-VC<br><br>**ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT** |

## ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT

Plaintiffs Desidero Soto, Steven Stricklen, Steeve Fondrose, Lorenzo Ortega, and Jose Antonio Farias, Jr. (collectively, the "Named Plaintiffs"), individually and on behalf of all other similarly-situated persons, and Defendants O.C. Communications, Inc. ("OCC") and Comcast Cable Communications Management, LLC ("Comcast") hereby enter into this Addendum to the Settlement Agreement and Release (the "Settlement Agreement," "Settlement" or "Agreement") that the Parties submitted to the Court on March 1, 2019 at Docket Number 284-2.

The Parties make the following amendments to the Settlement Agreement:

A.      Paragraph 2(n) defining "Gross Settlement Amount" is replaced with the following revised Paragraph 2(n):

(n)      "Gross Settlement Amount" means the non-reversionary maximum amount that OCC shall pay in connection with this Settlement, in exchange for the release of the Settlement Class Members' Released Claims. The Gross Settlement Amount is the gross sum of Seven Million Five Hundred and Ten Thousand Five Hundred and Fifty-Five Dollars and Twenty-One Cents ($7,510,555.21). The Gross Settlement Amount includes: (a) all Settlement Awards to Settlement Class Members; (b) civil penalties under the Private Attorneys' General Act ("PAGA"); (c) the Class Representative Enhancement Payments; (d) Attorneys' Fees[1] and Costs to Class Counsel, and (e) Settlement Administration Costs to the Settlement Administrator. Except for the employer OCC's portion of payroll taxes on Settlement Awards to Eligible Class Members ("OCC's Payroll Taxes"), the Parties agree that Defendants will have no obligation to pay any amount in connection with this Settlement Agreement apart from the Gross Settlement Amount. There will be no reversion.

B.      Paragraph 17 titled "Settlement Members' Released Claims" is replaced with the following revised Paragraph 17:

17.      **Settlement Members' Released Claims.** Upon Final Approval of the Settlement Agreement, Settlement Class Members shall and hereby do release claims against the Releasees as follows:

(a)      Collective Members' Released Claims.  The Collective Members release any and all claims against Releasees through December 21, 2018 that were or could have been asserted under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* ("FLSA claims") and under Arizona, California, Florida, Oregon, Utah, and Washington law based on the identical factual predicate alleged in the operative Third Amended Complaint, including claims for the alleged failure to pay minimum, straight time,

---

[1] Class Counsel shall only seek approval for a Fee Award in the amount up to thirty-three and one-third percent (33.33%) of the Gross Settlement Amount set forth in the Settlement Agreement (*i.e.* up to one third of $7,500,000.00, or $2,500,000). *See* Dkt. No. 284-2 at ¶ 29(b)(i).

overtime, and double time wages or any other form of compensation, failure to authorize and permit and/or make available meal and rest periods, failure to pay wages upon termination, engaging in unfair and unlawful business practices, statutory and civil penalties, whether based on (a) the Arizona Revised Statutes, including, but not limited to, Ariz. Rev. Stat. Ann. §§ 23-351, 23-353, 23-355, and 23-364; (b) California's Wage Orders, the California Labor Code, including, but not limited to, Sections 201, 202, 203, 204, 221, 223, 226, 226.2, 226.7, 510, 512, 558, 1174, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and 2698 *et seq.* ("PAGA"), and the California Business & Professions Code §§ 17200 *et seq.*; (c) the Florida Minimum Wage Act, including, but not limited to, Fla. Stat. Ann. § 448.110 and the Fla. Const. art. X, § 24; (d) the Oregon Revised Statutes, including, but not limited to, Or. Rev. Stat. Ann. §§ 652.120, 652.140, 652.150, 652.160, 652.610, 653.025, 653.045, 653.055, 652.615, 652.900 and the Oregon Administrative Rules ("OAR"), including, but not limited to, OAR 839-020-0010, 839-020-0012, 839-020-0030, 839-020-0050, 839-020-0080, and 839-020-1010; (e) the Utah Code, including, but not limited to, Utah Code Ann. §§ 34-28-3, 34-28-5, 34-28-9, 34-28-9.5, 34-28-10, 34-28-12, 34-40-201, and 34-40-205; and (f) the Revised Code of Washington ("RCW"), including, but not limited to, RCW 19.86.090, 49.12.010 49.12.020, 49.12.150, 49.12.170, 49.46.020, 49.46.090, 49.46.130, 49.46.30, 49.48.030, 49.52.050, and 49.52.070, the Washington Administrative Code, including, but not limited to, 296-126-002, 296-126-023, and 296-126-092, and the Washington Consumer Protection Act.  The released claims include other penalties, related tort, contract, liquidated, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.  As to other Settlement Class Members, only those who cash or deposit their Settlement Award check shall become Collective Members and release their FLSA claims against Releasees through December 21, 2018.

      (b)    <u>Other California Settlement Class Members' Released Claims</u>.  California Class Members release any and all claims against Releasees through December 21, 2018 that were or could have been asserted under California law based on the identical factual predicate alleged in the operative Third Amended Complaint, including claims for the alleged failure to provide meal and rest breaks, failure to compensate for all hours worked, failure to pay minimum, straight time, overtime, and double time wages or any other form of compensation, failure to pay all wages due upon termination, failure to provide timely and compliant itemized wage statements, failure to properly compensate piece-rate workers for rest and recovery periods and other nonproductive time, failure to maintain accurate records, failure to reimburse for necessary business expenses, engaging in unfair and unlawful business practices, statutory and civil penalties, whether based on California's Wage Orders, the California Labor Code, including, but not limited to, Sections 201, 202, 203, 204, 221, 223, 226, 226.2, 226.7, 510, 512, 558, 1174, 1182.11, 1182.12, 1194, 1194.2, 1197, 1197.1, 1198, 2802, and 2698 *et seq.* ("PAGA"), the California Business & Professions Code §§ 17200 *et seq.*, other penalties, related tort, contract, liquidated, and punitive damages claims, claims for interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and declaratory relief.

(c)    Other Washington Settlement Class Members' Released Claims.
Washington Class Members release any and all claims against Releasees through
December 21, 2018 that were or could have been asserted under Washington law based
on the identical factual predicate alleged in the operative Third Amended Complaint,
including claims for the alleged failure to pay minimum, straight time, overtime, and
double time wages or any other form of compensation, failure to authorize and permit
and/or make available meal and rest periods, failure to pay wages upon termination,
engaging in unfair and unlawful business practices, statutory and civil penalties, whether
based on the Washington Minimum Wage Act, the Revised Code of Washington
("RCW"), including, but not limited to, RCW 19.86.090, 49.12.010 49.12.020,
49.12.150, 49.12.170, 49.46.020, 49.46.090, 49.46.130, 49.46.30, 49.48.030, 49.52.050,
49.52.070, the Washington Administrative Code, including, but not limited to, 296-126-
002, 296-126-023, and 296-126-092, the Washington Consumer Protection Act, other
penalties, related tort, contract, liquidated, and punitive damages claims, claims for
interest, attorneys' fees, litigation and other costs, expenses, restitution, and equitable and
declaratory relief.

C.    Paragraph 19 titled "Release Language on Settlement Checks" is replaced with the
following revised Paragraph 19:

19.    **Release Language on Settlement Checks.** The Settlement Administrator
shall include the following release language on the back of each Settlement Award check, as
appropriate for (a) Named Plaintiffs and Collective Members, (b) other California Settlement Class
Members, and (c) other Washington Settlement Class Members:

(a)    For Named Plaintiffs and Collective Members: "This check is your
settlement payment in connection with the court-approved class action
Settlement in *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3-17-
cv-00251-VC (N.D. Cal.). By you having consented to join the Collective
Action, and the court having approved a Settlement, you have released OCC,
Comcast, and other Releasees of claims under the Fair Labor Standards Act
and, if applicable, claims under Arizona, California, Florida, Oregon, Utah, and
Washington law, as defined in the Settlement Agreement."

(b)    For other California Settlement Class Members: "This check is your
settlement payment in connection with the court-approved class action
Settlement in *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3-17-
cv-00251-VC (N.D. Cal.). By not opting out of the Settlement, you have
released OCC, Comcast, and other Releasees of claims under California law as
defined in the Settlement Agreement. By signing or cashing your check, you
consent to join the Collective Action and affirm your release of claims under
the Fair Labor Standards Act against Releasees."

(c)    For other Washington Settlement Class Members: "This check is your
settlement payment in connection with the court-approved class action
Settlement in *Soto, et al. v. O.C. Communications, Inc., et al.*, Case No. 3-17-

cv-00251-VC (N.D. Cal.). By not opting out of the Settlement, you have released OCC, Comcast, and other Releasees of claims under Washington law as defined in the Settlement Agreement. By signing or cashing your check, you consent to join the Collective Action and affirm your release of claims under the Fair Labor Standards Act against Releasees."

D.     Paragraph 24 titled "Objections" is replaced with the following revised Paragraph 24:

24.     **Objections.** The Settlement Notice shall provide that Settlement Class Members who wish to object to the Settlement must, on or before the Notice Deadline, file with the court a written statement objecting to the Settlement. Such objection shall not be valid unless it includes the information specified in the Settlement Notice. The statement must be signed personally by the objector, and must include the objector's name, address, telephone number, email address (if applicable), the factual and legal grounds for the objection, and whether the objector intends to appear at the Final Approval Hearing. The Settlement Notice shall advise Settlement Class Members that objections shall only be considered if the Settlement Class Member has not opted out of the Settlement. No Settlement Class Member shall be entitled to be heard at the Final Approval Hearing (whether individually or through counsel), unless written notice of the Settlement Class Member's intention to appear at the Final Approval Hearing has been filed with the Court and served upon Class Counsel and Defendants' Counsel on or before the Notice Deadline and the Settlement Class Member has not opted out of the Settlement. The postmark date of mailing to Class Counsel and Defendants' Counsel shall be the exclusive means for determining that an objection is timely mailed to counsel. If postmark dates differ, the later of the two postmark dates will control. Persons who fail to make timely written objections in the manner specified above shall be deemed to have waived any objections and oppositions to the Settlement's fairness, reasonableness and adequacy, and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement. However, the requirement that the Settlement Class Member submit a written objection may be excused by the Court upon a showing of good cause. The Court will only require substantial compliance with the requirements for submitting an objection. None of the Parties, their counsel, nor any person on their behalf, shall seek to solicit or otherwise encourage anyone to object to the settlement, or appeal from any order of the Court that is consistent with the terms of this Settlement.

E.     Paragraph 33 is replaced with the following revised Paragraph 33:

33.     The Settlement Administrator shall be responsible for determining the amount of the Settlement Award to be paid to each Settlement Class Member based on the following formula:

a.     Settlement Class Members shall receive a *pro rata* portion of the Net Settlement Amount as follows:

i.     For each week during which the Settlement Class Member worked for OCC at any time from January 18, 2013 for California Class Members and from March 13, 2015 for Washington Class members, or three years prior to the Opt-In Date for Opt-In

Plaintiffs, through December 21, 2018, he or she shall be eligible to receive a pro rata portion of the Net Settlement Amount based on the number of workweeks the Settlement Class Member worked. Each workweek will be equal to one (1) settlement share. To reflect the increased value of state law claims, workweeks during which work was performed in California will be equal to three (3) settlement shares, workweeks during which work was performed in Washington or Oregon will be equal to two (2) settlement shares, and workweeks during which work was performed in Arizona or Utah will be equal to 1.25 settlement shares.

        ii.    The total number of settlement shares for all Settlement Class Members will be added together and the resulting sum will be divided into the Net Settlement Amount to reach a per share dollar figure. That figure will then be multiplied by each Settlement Class Member's number of settlement shares to determine the Settlement Class Member's Settlement Award.

    F.    The attached Exhibit 2 – Notice of Class Action Settlement – shall replace the original Exhibit A attached to the Settlement Agreement.

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Addendum to the Settlement Agreement as follows:

**PLAINTIFFS:**

_____
Desidero Soto

Date: May 9 _____, 2019

_____
Steven Stricklen

Date: May 9 _____, 2019

_____
Steeve Fondrose

Date: May 9 _____, 2019

_____
Lorenzo Ortega

Date: May 10th _____, 2019

_____
Jose Antonio Farias, Jr.

Date: May 10th _____, 2019

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____
Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

Date: _____, 2019

_____
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

Date: _____, 2019

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Addendum to the Settlement Agreement as follows:

**PLAINTIFFS:**

_____     Date: _____, 2019
Desidero Soto

_____     Date: _____, 2019
Steven Stricklen

_____     Date: _____, 2019
Steeve Fondrose

_____     Date: _____, 2019
Lorenzo Ortega

_____     Date: _____, 2019
Jose Antonio Farias, Jr.

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____     Date: May 10, 2019
Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

_____     Date: _____, 2019
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

**IN WITNESS WHEREOF**, the Parties and their Counsel have executed this Addendum to the Settlement Agreement as follows:

**PLAINTIFFS:**

_____    Date: _____, 2019
Desidero Soto

_____    Date: _____, 2019
Steven Stricklen

_____    Date: _____, 2019
Steeve Fondrose

_____    Date: _____, 2019
Lorenzo Ortega

_____    Date: _____, 2019
Jose Antonio Farias, Jr.

**APPROVED AS TO FORM BY CLASS COUNSEL:**

_____    Date: _____, 2019
Carolyn Hunt Cottrell
David C. Leimbach
Scott L. Gordon
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608

_____    Date: May 10, 2019
Shanon J. Carson
Sarah R. Schalman-Bergen
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, PA 19103

1  **DEFENDANT:** _____     Date: _5/9___, 2019
2                   On behalf of O.C. Communications, Inc.

3

4  **APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

5
6  _____     Date: _5/10___, 2019

7                   Barbara A. Blackburn
                   Jeffrey J. Mann
8                   LITTLER MENDELSON, P.C.
                   500 Capitol Mall
9                   Suite 2000
                   Sacramento, California 95814
10

11

12

13  **DEFENDANT:** _____     Date: _____, 2019
                   On behalf of Comcast
14                   Cable Communications Management, LLC

15

16  **APPROVED AS TO FORM BY COMCAST'S COUNSEL:**

17

18  _____     Date: _____, 2019
                   Daryl S. Landy
19                   MORGAN, LEWIS & BOCKIUS LLP.
                   600 Anton Boulevard, Suite 1800
20                   Costa Mesa, CA 92626

21

22

23

24

25

26

27

28

1

**DEFENDANT:** _____     Date: _____, 2019

2                 On behalf of O.C. Communications, Inc.

3

4   **APPROVED AS TO FORM BY DEFENDANT'S COUNSEL:**

5

6                 _____     Date: _____, 2019

7   Barbara A. Blackburn
    Jeffrey J. Mann
8   LITTLER MENDELSON, P.C.
    500 Capitol Mall
9   Suite 2000
    Sacramento, California 95814
10

11

12

13  **DEFENDANT:** _____     Date: May 9, 2019

    On behalf of Comcast
14  Cable Communications Management, LLC

15

16  **APPROVED AS TO FORM BY COMCAST'S COUNSEL:**

17

18                 _____     Date: May 10, 2019

19  Daryl S. Landy
    MORGAN, LEWIS & BOCKIUS LLP.
20  600 Anton Boulevard, Suite 1800
    Costa Mesa, CA 92626

21

22

23

24

25

26

27

28  _____
    ADDENDUM TO CLASS ACTION SETTLEMENT AGREEMENT
    *Soto, et al. v. O.C. Communications, Inc, et al.*
    7