Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
SCHNEIDER WALLACE
COTTRELL KONECKY
WOTKYNS LLP
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile:  (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

*[Additional Counsel listed on next page]*

Attorneys for Plaintiffs and the Settlement Classes

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DESIDERO SOTO, STEVEN STRICKLEN, STEEVE FONDROSE, LORENZO ORTEGA, and JOSE ANTONIO FARIAS, JR., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>O.C. COMMUNICATIONS, INC., COMCAST CORPORATION, and COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC;<br><br>Defendants. | Case No.: 3:17-cv-00251-VC<br><br>**[PROPOSED] ORDER GRANTING AS MODIFIED FINAL APPROVAL OF SETTLEMENT**<br><br>Date: October 17, 2019<br>Time: 10:00 a.m.<br>Courtroom: 4 (17th Floor)<br>Judge: Honorable Vince Chhabria<br><br>Complaint Filed: January 18, 2017 |

Shanon J. Carson (*pro hac vice*)
Sarah R. Schalman-Bergen (*pro hac vice*)
BERGER MONTAGUE PC
1818 Market Street, Suite 3600
Philadelphia, Pennsylvania 19103
Telephone: (215) 875-3000
Facsimile:  (215) 875-4604
Sca.rson@bm.net
sschalman-bergen@bm.net

Attorneys for Plaintiffs and the
Settlement Classes

Plaintiffs' Motion for Final Approval of Class and Collective Action Settlement in the above-captioned Action came on for hearing on October 17, 2019 at 10:00 a.m. in Courtroom 4 of the above-captioned court, the Honorable Vince Chhabria presiding. Defendants O.C. Communications, Inc. ("OCC"), Comcast Corporation, and Comcast Cable Communications Management, LLC (collectively, "Comcast") did not oppose the motion.

Plaintiffs allege eighteen causes of action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the California Labor Code and Business and Professions Code §§ 17200, *et seq.*, and Washington wage and consumer protection laws. Plaintiffs assert the first cause of action under the FLSA on behalf of themselves and the Collective for Defendants' alleged failure to compensate for all hours worked, including legally-mandated overtime premiums and/or minimum wages. Plaintiffs assert seventeen other causes of action under California law and Washington law, on behalf of themselves and the California Class and Washington Class, respectively, for failure to compensate for all hours worked; failure to pay overtime and minimum wages; failure to authorize, permit, and/or make available meal and rest periods; failure to reimburse for necessary business expenditures; waiting time penalties; failure to provide accurate, itemized wage statements; and related violations. Plaintiffs also bring claims for penalties pursuant to § 2699(a) of the California Private Attorney General Act ("PAGA") and penalties pursuant to § 2699(f) of the PAGA.

After conditional certification of the FLSA Collective, protracted discovery disputes, production of over 1.5 million pages of documents, motions to compel arbitration by OCC and Comcast, and a prior mediation, the Parties entered into private mediation before respected neutral mediator Jeff Ross to try to resolve the claims. As a result of the mediation on October 18, 2018, and subsequent settlement negotiations through the mediator, the Parties reached agreement on the terms of a settlement. The Parties then entered in a Class Action Settlement Agreement, as amended by the Addendum to Class Action Settlement Agreement (the "Settlement," filed with the Court at ECF 289-2).

A hearing was held before this Court on June 13, 2019 for Plaintiffs' Renewed Motion for Preliminary Approval of Class and Collective Action Settlement. The Court granted the motion. *See* ECF 296. Before the Court is the last stage of the settlement approval process: final approval of the

Settlement. Plaintiffs have separately moved for approval of attorneys' fees and costs and service awards for the Class Representatives. *See* ECF 297.

At the final approval hearing, Littler Mendelson, P.C. appeared for OCC, Morgan, Lewis & Bockius LLP appeared for Comcast, and Schneider Wallace Cottrell Konecky Wotkyns LLP and Berger Montague PC appeared for Plaintiffs and the Classes and Collective.

Having reviewed the papers and documents presented, having heard the statements of counsel, and having considered the matter, the Court HEREBY ORDERS as follows:

1. The Court has jurisdiction over the claims of the Class and Collective Members asserted in this proceeding and over all Parties to the action.

2. The Court finds that zero (0) California Class Members have objected to the Settlement and zero (0) California Class Members have requested exclusion from the Settlement. The Court finds that zero (0) Washington Class Members have objected to the Settlement and zero (0) Washington Class Members have requested exclusion from the Settlement. Additionally, 1,019 Collective Members have filed timely and valid opt-in forms.

3. The Court hereby GRANTS FINAL APPROVAL of the terms and conditions contained in the Settlement as to the California and Washington Classes. The Court finds that the terms of the Settlement are within the range of approval, pursuant to Rule 23 of the Federal Rules of Civil Procedure and applicable law.

4. The Court finds that: (1) the settlement amount is fair and reasonable as to the California and Washington Class Members when balanced against the probable outcome of further litigation relating to class certification, potential individual arbitrations, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the California and Washington Classes.

5.     The Court hereby makes final its earlier conditional certification of the California Class and the Washington Class, in accordance with the Settlement, for purposes of this Settlement only. The California Class is defined as "all Technicians who are or were employed by OCC in the State of California at any time from January 18, 2013 through December 21, 2018, and who do not validly exclude themselves from the Settlement." The Washington Class is defined as "all Technicians who are or were employed by OCC in the State of Washington from March 13, 2015 through December 21, 2018, and who do not validly exclude themselves from the Settlement."

6.     The Court hereby confirms its approval of the terms and conditions contained in the Settlement as to the Collective as set forth in its June 17, 2019 order. See ECF 296. The Court has already found that the terms of the Settlement represent a fair and reasonable resolution of a *bona fide* dispute, and are within the range of possible approval, pursuant to the FLSA and applicable law.

7.     The Court has also already found that: (1) the settlement amount is fair and reasonable as to the Collective Members when balanced against the probable outcome of further litigation relating to class certification, potential individual arbitrations, liability and damages issues, and potential appeals; (2) significant discovery, investigation, research, and litigation have been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions; (3) settlement at this time will avoid substantial costs, delay, and risks that would be presented by the further prosecution of the litigation; and (4) the proposed Settlement has been reached as the result of intensive, serious, and non-collusive negotiations between the Parties. Accordingly, the Court finds that the Settlement was entered into in good faith with respect to the FLSA Collective.

8.     In accordance with the Court's previous orders, the Collective is defined as "all Opt-In Plaintiffs who are or were employed by OCC at any time from and including January 18, 2014 through December 21, 2018."

9.     The Court hereby confirms the appointment of CPT Group, Inc. as Settlement Administrator, and approves its reasonable administration costs of $40,000, which are to be paid from the total Settlement.

10.    The Court hereby FINALLY APPOINTS Plaintiffs Soto, Stricklen, and Farias as

1  Class Representatives for the California Class, Plaintiff Ortega as Class Representative for the
2  Washington Class, and all Plaintiffs as Collective Representatives.

3      11.    The Court hereby FINALLY APPOINTS Schneider Wallace Cottrell Konecky
4  Wotkyns LLP and Berger Montague PC as Counsel for the Settlement Classes and Collective.

5      12.    The Court finds that the approved Notice of Settlement (submitted to the Court at ECF
6  296-2) constituted the best notice practicable under the circumstances and is in full compliance with
7  the applicable laws and the requirements of due process. The Court further finds that the Notice of
8  Settlement fully and accurately informed the California and Washington Class Members of all
9  material elements of the proposed Settlement, of their right to be excluded from the Settlement, and
10 of their right and opportunity to object to the Settlement. A full opportunity has been afforded to the
11 Class Members to participate in this hearing and all Class Members and other persons wishing to be
12 heard have been heard. Accordingly, the Court determines that all California and Washington Class
13 Members, since none timely and properly executed a request for exclusion, are bound by this Order
14 and the Judgment.

15     13.    The Court further finds that the Notice of Settlement fully and accurately informed the
16 Collective Members of all material elements of the Settlement. Accordingly, the Court determines
17 that all Collective Members who submitted timely opt-ins are bound by this Order and the Judgment.

18     14.    The Court FINALLY APPROVES Class and Collective Counsel's request for
19 attorneys' fees of one-third of the original $7,500,000 Gross Settlement Amount, for a total of
20 $2,500,000 in fees. This amount is justified under the common fund doctrine, the range of awards
21 ordered in this District and Circuit, the excellent results obtained, the substantial risk borne by Class
22 Counsel in litigating this matter, the high degree of skill and quality of work performed, the financial
23 burden imposed by the contingency basis of Class Counsel' representation of Plaintiffs and the
24 Classes and Collective, and the additional work required of Class Counsel to bring this Settlement to
25 conclusion. The Court finds the fee award is further supported by a lodestar crosscheck, whereby it
26 finds that the hourly rates of Schneider Wallace Cottrell Konecky Wotkyns LLP and Berger
27 Montague PC are reasonable, and that the estimated hours expended are reasonable. In fact, Class
28 Counsel's total lodestar amount is less than the requested fee. Thus, the Court applies a negative

multiplier to Class Counsel's lodestar in issuing this fee award.

15. 10 percent of the attorney fee award will be held back pending the filing of a Post-Distribution Accounting by class counsel. The Post-Distribution Accounting should explain in detail when payments were made to class members, the number of members who were sent payments, the total amount of money paid out to members, the average and median recovery per class members, the largest and smallest amounts paid to class members, the number and value of cashed and uncashed checks, the number of members who could not be contacted (if any), the amount distributed to any *cy pres* recipient, any significant or recurring concerns communicated by members to the settlement administrator and counsel since final approval, and any other issues in settlement administration since final approval, and how any concerns or issues were resolved. Class Counsel are expected to diligently supervise the administration of the settlement and remain in close contact with the settlement administrator. With the Post-Distribution Accounting, class counsel should submit a proposed order releasing the remainder of the fees.

16. The Court FINALLY APPROVES Class and Collective Counsel's request for litigation costs in the amount of $207,361.46.

17. The Court FINALLY APPROVES service awards of $15,000.00 for Plaintiff Soto and $10,000.00 each for Plaintiffs Stricklen, Fondrose, Ortega, and Farias, and finds that these awards are fair and reasonable for the work these individuals provided to the Classes and Collective and the broader release they executed than the Class and Collective Members.

18. Accordingly, GOOD CAUSE APPEARING, the Court hereby APPROVES following implementation schedule:

| | |
|---|---|
| Effective Date | October 23, 2019 |
| Deadline for OCC to pay the Gross Settlement Amount into the Qualified Settlement Fund | November 6, 2019 |
| Deadline for CPT Group, Inc. to provide Class Counsel and Defendants' Counsel with a final report of all Settlement Awards | November 7, 2019 |
| Deadline for CPT Group, Inc. to transfer the 10 percent holdback of the attorneys' fees award into a separate interest-bearing account | November 8, 2019 |

| | |
|---|---|
| Deadline for CPT Group, Inc. to make payments for attorneys' fees and costs, service awards, Class Member Settlement Awards, and LWDA Payment | November 22, 2019 |
| Deadline for CPT Group, Inc. to send a reminder letter to those Class Members who have not yet cashed their Class Member Settlement Award checks | February 20, 2020 |
| Deadline for CPT Group, Inc. to place a reminder phone call to those Class Members who have not yet cashed their Class Member Settlement Award checks | March 23, 2020 |
| Check-cashing deadline | May 20, 2020 |
| Deadline for CPT Group, Inc. to either distribute uncashed check funds to *cy pres* recipient or redistribute such funds to those Class Members who cashed their cashed their Class Member Settlement Award checks | June 3, 2020 |
| Deadline for Plaintiffs to file the Post-Distribution Accounting. | June 24, 2020 |
| Deadline for CPT Group, Inc. to release the 10 percent holdback of the attorneys' fees award to Class Counsel | July 1, 2020, or as otherwise ordered by the Court |

19. The Court further ORDERS that, pending further order of this Court, all proceedings in this Action, except those contemplated herein and in the Settlement, are stayed.

20. With this final approval of the Settlement, it is hereby ordered that all claims that are released as set forth in the Settlement are hereby barred.

21. The Court permanently enjoins all of the California and Washington Class Members who did not timely exclude themselves (opt-out) from the Settlement, Collective Members, and the LWDA from pursuing, or seeking to reopen, any Released Claims (as defined in the Addendum to Class Action Settlement Agreement at Paragraph B.17 and the Notice of Settlement at Section 5) against any of the "Releasees" (as defined in the Settlement at Paragraph 2.bb).

22. The Court dismisses this Action with prejudice and will enter Judgment consistent with the Settlement and this Order to so dismiss the Action and permanently enjoin and bar all California and Washington Class Members who did not opt-out of the Settlement, all Collective Members, and the LWDA from prosecuting against any Released Claims (as defined in the

Addendum to Class Action Settlement Agreement at Paragraph B.17 and the Notice of Settlement at Section 5) against any of the "Releasees" (as defined in the Settlement at Paragraph 2.bb).

23. The Court shall retain jurisdiction to enforce the terms of the Settlement.

**IT IS SO ORDERED.**

Dated: October 23, 2019

HON. VINCE CHHABRIA
United States District Judge,
Northern District of California